BERGELER, Respondent, vs. WAUKESHA GAS & ELECTRIC
COMPANY, Appellant.

*December 8, 1916—January 16, 1917.*

*Electricity: Killing of horse: Source of current: Finding: Evidence:
Sufficiency: Burden of proof.*

1. In an action against an electric lighting company for the value of
a horse killed by electricity with which a pool of surface water
on the street had become charged, a finding by the trial court
that the electricity had escaped from defendant's distribution
system is *held* to be without support in the evidence.

2. The burden was upon the plaintiff in such case to prove that the
electricity came, as alleged, from defendant's distribution sys-
tem, and defendant was not bound to establish that—as there
was evidence tending to show might have been the case—the
electricity came from another source.

APPEAL from a judgment of the county court of Waukesha
county: DAVID W. AGNEW, Judge. *Reversed.*

Action for damages for the value of a horse alleged to have
been killed by the escape of electric current from the wires of
the defendant company. The case was tried by the court
without a jury, and, omitting the merely formal findings, the
court found that the defendant company maintained a pole
at 517 West Main street in the city of Waukesha upon which
were fastened three transformers which received current
from the distribution system of the defendant company and
reduced the same from a high to a low voltage, from which
point it was thereafter distributed; that at the foot of the pole
there was a depression in which surface water gathered in a
pool; that at the time in question the defendant had allowed
electrical current to escape from its distribution system into
the pool, so charging it with electricity as to make it dan-
gerous to animal life; that on July 27, 1914, a heavy rain had
fallen, causing a pool of water to form in the depression, and
that by reason of the failure of the defendant company to
properly safeguard its distribution system the street and the
pool of water became impregnated with electrical current;

Bergeler v. Waukesha Gas & E. Co. 165 Wis. 68.

that plaintiff drove his horse into the pool so charged with electrical current, with the result that the horse was electrocuted; and that the horse was of the value of $100. Plaintiff had judgment accordingly and defendant company appeals.

For the appellant there was a brief by *Newbury & Jacobson* of Waukesha, and oral argument by *M. A. Jacobson.*

*C. E. Armin* of Waukesha, for the respondent.

ROSENBERRY, J. The sole question presented on this appeal is, Does the evidence support the findings? Assuming that the proof establishes the fact that the horse was killed by electrical current communicated to it from the pool of water in question, there is no evidence in the case which proves or tends to prove that the electrical current originated from the distribution system of the defendant. The ground wire provided for the express purpose of preventing the escape of electrical current was admittedly in perfect condition. There is evidence to the effect that the electricity might have been transmitted from the lines of the street railway company some distance away. There is no proof that the horse was in contact with the ground wire or any part of the defendant company's equipment.

The burden was upon the plaintiff to establish the fact that the electrical current which caused the death of the horse escaped from the defendant company's equipment. It is argued that the defendant should have established the fact that the electricity did escape from the wires of the street railway company. This ground is not tenable. Until the fact was established that electrical current had escaped from the equipment of the defendant company to the pool, there was no proof of its liability and no burden upon it to establish the fact that the current of electricity which killed the horse came from some other point.

*By the Court.*—Judgment reversed, with directions to dismiss plaintiff's complaint.