PASQUALE ORSINIE *vs.* ARCHIBALD TORRANCE.

Second Judicial District, Norwich, April Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In the exercise of his peculiar and exclusive jurisdiction, the Compensation Commissioner should decide explicitly every material issue of fact on which his conclusions are based, reciting documentary

evidence so far as is necessary to test the correctness of his conclusions therefrom, but not repeating the testimony of witnesses in his finding; and hence a finding of a Commissioner is defective if it merely states what the evidence brought out or what the witnesses said.

The plaintiff was employed at a plant about seven miles distant from a city. At the time of his injury, for which he sought compensation, he had finished his work for the day and was waiting beside the highway for a trolley-car to take him back to the city, when, in crossing the highway to get a ride on a motortruck, he was knocked down by a motorcycle. As the place of employment was not within a single trolley fare limit from the city, the employer, as required by the labor union, added the cost of transportation to and from work, measured by the prevailing trolley fare, to the agreed daily wage. The employees were not bound to use the trolley, but might travel by such means as they saw fit, receiving the addition to their wage whether they walked or rode. *Held* that as soon as the employee left his employer's premises the contract of employment ceased to operate, directly or indirectly, either as controlling his movements or as affecting the hazards to which he was subjected, and hence he was not entitled to compensation for the injury.

The case of *Swanson* v. *Latham*, 92 Conn. 87, distinguished.

Argued April 26th—decided June 1st, 1921.

APPEAL from a finding and award of the Compensation Commissioner of the second district in favor of the plaintiff, taken by the defendant to the Superior Court in New London County and reserved by that court, *Wolfe, J.,* upon the finding of the Commissioner, for the advice of this court. *Error; judgment set aside, and the Superior Court advised to enter its judgment sustaining the appeal from the Commissioner and vacating the award.*

*A. Storrs Campbell,* for the defendant.

*John H. Barnes,* for the plaintiff.

BEACH, J.    The plaintiff was employed by the defendant as a laborer at the plant of the Eastern

Connecticut Power Company, about seven miles from Norwich. On the day in question the plaintiff and other employees of the defendant had finished their work for the day, and were waiting beside the highway for a trolley-car to take them back to Norwich, when the plaintiff, in crossing the highway to get a ride on a motortruck, was knocked down by a motorcycle and received the injuries in question.

The commissioner held that the principle announced in *Swanson* v. *Latham,* 92 Conn. 87, 101 Atl. 492, was applicable to the present case; and the correctness of this ruling depends on the terms of the contract of employment between the plaintiff and the defendant. The commissioner has not found what the terms of that contract were. He states that "the evidence of both claimant and respondent brought out " certain terms of the contract, and that "the employer testifies " to certain other terms. This is a mere statement of what the evidence was, and it leaves the controlling facts undetermined one way or the other. In the exercise of his peculiar and exclusive jurisdiction, the commissioner ought to decide explicitly every material issue of fact on which his conclusions are based. Documentary evidence should be recited in so far as is necessary to test the correctness of the commissioner's conclusions therefrom, but the testimony of witnesses should not be repeated in the finding.

Strictly speaking, the result in the present case is that the findings of fact fail to support the award, because the terms of the verbal contract of employment are not ascertained by any finding. Inasmuch as both the commissioner and the parties have treated the recitals of evidence as findings of fact, we will assume that the facts are so found, and it then appears that the contract of employment includes a provision, required by the labor union, that when the employer's

place of business is not within the single trolley fare limit, the employer should either furnish transportation to and from the work, or should add the cost of such transportation, measured by the prevailing trolley fare, to the agreed daily wage.    Under the agreement in force between the defendant and his employees, including the plaintiff, the trolley fare to and from the work was added to the daily wage and included in the weekly pay roll.    It also appears that the employees were not bound to use the trolley-car, but might walk home if they saw fit, and that the cost of transportation was added to the pay roll and received by them whether they walked or rode either in the trolley-car or in any passing vehicle.    The employer was not concerned so long as the men put in their full eight hours of work per day.

This state of facts does not bring the case within the principles of *Swanson* v. *Latham,* 92 Conn. 87, 101 Atl. 492.    In that case furnishing of transportation by the employer was a part of the contract of employment, and the injury rose out of a hazard of the transportation which he furnished.    In this case the employer did not furnish transportation.    He did no more than to pay the wages which the rules of the labor union required him to pay.    The fact that because of the location of the work this wage included a sum measured by the cost of transportation by trolley to and from the work, is of no more significance than if it had included a sum measured by the additional cost of food at that place. The plaintiff was left free to buy his own transportation or not.    As soon as he left the employer's premises, the contract of employment ceased to operate, directly or indirectly, either as controlling his movements or as affecting the hazards to which he was subjected.

There is error, the judgment is set aside, and the

Superior Court is advised to enter its judgment sustaining the appeal from the Commissioner and vacating the award.

In this opinion the other judges concurred.