PETER MASON *vs.* MRS. J. J. ALEXANDRE ET AL.

Third Judicial District, Bridgeport, April Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

The claimant's son had sustained an injury arising out of and in the
course of his employment, for which he received medical treatment
at the defendants' expense, and as part of such treatment he was
under instructions to go to a doctor's office three times a week.
On an occasion when he was going to the doctor's office he was
forced to walk because a severe snowstorm had interrupted ordinaly
means of transportation, and upon the advice of his daughter he
took a certain shortcut across railroad tracks where he was struck
by a train and killed. The shortcut was not a public highway
and was not found to have been known by the defendants, although
used to such an extent that the railroad had put up a sign warning
that it was dangerous to cross the tracks at that point. *Held*
that the decedent—being sent by his employer on an errand under
instructions which, by implication, required him to take a reason-
ably direct route over the public highways—had for his own pur-
poses deviated temporarily from the line of conduct marked out
for him and had so subjected himself to an extraordinary peril,
quite outside of any risk connected with his employment, which
caused his death, and hence that his dependent was not entitled
to compensation. (*One judge dissenting.*)

The case of *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, followed.

Argued April 14th—decided June 1st, 1921.

APPEAL by the defendants from a finding and award
of the Compensation Commissioner of the fourth dis-
trict in favor of the plaintiff, taken to the Superior Court
in Fairfield County, *Keeler, J.*, and reserved by that
court, upon its own motion, for the advice of this court.
*Error; judgment set aside and the Superior Court advised
to enter its judgment sustaining the appeal from the Com-
missioner and vacating the award.*

The claimant's son was employed as superintendent of
the estate of his employer at Stamford. He had received
an injury to his finger arising out of and in the course of

his employment, for which he received medical treatment at the employer's expense, and as a part of that treatment he was under instructions to go to the doctor's office in Stamford three times a week until finally discharged. In accordance with these instructions, on March 8th, 1920, he started from home with the intention of going to the doctor's office. Because of a severe snowstorm, which interrupted ordinary means of transportation, he was compelled to walk. A short distance from home he met his daughter, who advised him to take a certain shortcut across the tracks of the New York, New Haven and Hartford Railroad Company. In following her advice he was struck by a train and instantly killed. The commissioner found that the decedent met his death through an injury arising out of and in the course of his employment, and awarded compensation to the claimant as a total dependent.

*Edward J. Myers*, for the defendants.

*Samuel Reich*, with whom, on the brief, was *Murray Reich*, for the plaintiff.

BEACH, J. In going to the doctor's office the decedent was doing something incidental to his regular employment, for the joint benefit of himself and his employer, and it was done with the knowledge and approval of the employer. The terms of the employment may fairly be said to have authorized the decedent to go to the doctor's office by any route or conveyance which he might reasonably be expected to take, and in the absence of special findings on the point, this would mean by any reasonably direct route or means of conveyance over the public highways. The shortcut in question was not a public highway. There is no finding that the decedent was in the habit of using it, and of course none that the employer knew of any such habit. It is not found that

the employer knew of the existence of the crossing; and, although it appears to have been used to such an extent that the railroad company had caused a sign to be put up reading "Warning is given that it is dangerous to cross at this point," that fact does not of itself justify any presumption that the employer had any reason to suppose that the decedent would make use of it in going to the doctor's office.

On this record it appears that the decedent, in order to perform his errand with less exertion, took this short-cut, at the suggestion of a third person, without the knowledge or assent of the employer, and thereby subjected himself to an extraordinary risk not connected with his employment.

In principle this case cannot be distinguished from *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, 96 Atl. 368, where the employee was also doing something incidental to his regular employment for the benefit of himself and of his employer, and doing it with the knowledge and assent of the employer; but for his own purposes chose to do it in a way not permitted by the employer, and in so doing it came in contact with a revolving fan and was injured. We held that the injury did not arise out of the employment, because there was no causal relation between the conditions under which the work was to be done or the terms of the contract of employment, and the resulting injury. In this case the lack of causal relation between the conditions of employment and the injury is complete. The decedent was sent on an errand under instructions which by implication required him to take a reasonably direct route over the public highways, and for his own purposes deviated temporarily from the line of conduct marked out for him. In doing so he subjected himself to an extraordinary peril quite outside of any risk connected with his employment, which caused his death.

There is error, the judgment is set aside and the Superior Court is advised to enter its judgment sustaining the appeal from the Commissioner and vacating the award.

In this opinion the other judges concurred, except GAGER, J., who dissented.