CITY OF MILWAUKEE, Appellant, vs. INDUSTRIAL COMMIS-
SION OF WISCONSIN and another, Respondents.

*November 15—December 9, 1924.*

*Workmen's compensation: Service incident to employment: Going
to place of work.*

Where a city required its laborers to report at a tool house in the
morning to secure their tools and then proceed to where they
were to work, an employee who was injured while so pro-
ceeding along one of two customary routes, and that not pro-
hibited, was at the time of the accident performing services
growing out of and incidental to his employment, within the
workmen's compensation act. p. 313.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

On April 16, 1923, one Peter Schmitt was in the employ
of the city of *Milwaukee.* He was a common laborer and
was rendering services as such in and about the filling in of
that portion of Lake Michigan between the shore line and
the breakwater, a short distance north of the Chicago &
Northwestern depot. A tool house had been constructed
upon or in close proximity to the works and very near the
tracks of the Chicago & Northwestern Railroad. At about
8 o'clock a. m. of the day in question Schmitt reported at
this tool house, secured the tools that it was necessary for
him to use in his work, and proceeded to the place where
he was required to work during the day. This was 1,100
feet north of the tool house. A cinder roadway had been
formed on the fill along which teams hauled material for
the fill. The men who were working on the fill sometimes
followed this cinder roadway and sometimes walked on the
tracks of the railroad in going from the tool house to the
place of work. The cinder roadway, of course, was on the
city's property. In proceeding from the tool house to his
place of work Schmitt walked along the railroad track and
was struck and killed by a railroad engine. The *Industrial*

*Commission* made an award to Schmitt's daughter under the workmen's compensation act. The circuit court affirmed the award, from which the city of *Milwaukee* brings this appeal.

The cause was submitted for the appellant on the brief of *John M. Niven,* city attorney, and for the respondent *Industrial Commission* on that of the *Attorney General, Mortimer Levitan,* assistant attorney general, and *E. L. Wingert* of Madison.

OWEN, J. It is the contention of the appellant that the deceased was not performing services growing out of and incidental to his employment at the time of the accident. It is manifest that he entered upon his employment when he reported at the tool house and obtained the tools with which he was to work during the day. Appellant contends, however, that he should have followed the cinder roadway rather than the railroad track in proceeding from the tool house to the place of work. The evidence shows that employees similarly engaged followed either the roadway or the railroad track, as best suited their fancy, with the acquiescence of those in charge of the work on the part of the city. It is true the evidence shows that a gang boss cautioned Schmitt against walking on the track for the reason that he was deaf. However, this appears to have been a mere personal caution—a matter of friendly advice, and was not in the nature of a direction or order. This situation cannot be distinguished in principle from that under consideration in *Monroe Co. v. Industrial Comm.* 184 Wis. 32, 198 N. W. 597. If there be any distinction, the situation here is less favorable to the employer. In this case the employee was more clearly performing services growing out of and incidental to his employment than was the employee in the *Monroe County Case.* In the latter case it was not so clear that the employee was performing such services in proceeding from the camp, where he had eaten dinner, to his place of work. Here the employer required the em-

Wisconsin Southern R. Co. v. Railroad Comm. 185 Wis. 313.

ployees to report at the tool house in the morning, secure their tools, and proceed therefrom to a point on the fill where they were expected to work during the day. That in thus proceeding the employee was performing services growing out of and incidental to his employment is, not debatable.

It is contended here, however, as it was in the *Monroe Case,* that the employee did not take the route provided for him by the employer, in this case the cinder roadway. There is no evidence that the employees were directed to take the cinder roadway or that they were prohibited from walking on the railroad tracks. As stated, the evidence shows that they took either route with the acquiescence of those in charge of the work. It being necessary for the deceased to go from the tool house to his place of work, and having come to his death while so proceeding along a customary route and one not prohibited, it follows that at the time of the accident he was performing services growing out of and incidental to his employment.

*By the Court.*—Judgment affirmed.