AMY I. WHITNEY *vs.* HAZARD LEAD WORKS ET AL.

First Judicial District, Hartford, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HINMAN AND SIMPSON, Js.

Under the Workmen's Compensation Act, an injury cannot arise out of the employment unless it arises in the course of it.

An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he reasonably may be, and while he is reasonably fulfilling the duties of his employment or is engaged in doing something incidental to it.

The general rule which excludes from compensation injuries suffered by an employee while using the public highways for the

Whitney *v.* Hazard Lead Works.

purpose of going to or returning from work is subject to certain exceptions based on the terms of the contract of employment such as (1) where the employment requires the employee to travel on the highway, (2) where the employer contracts to and does furnish transportation to and from work, (3) where the employee is subject to emergency calls, as in the case of a fireman, and (4) where the employee is using the highway in doing something incidental to his employment with the knowledge and approval of his employer.

An employee who carries work from the place of his employment to his own home for the purpose of there completing it is not in the course of his employment, either while engaged in doing the work or while returning with it to the place of employment, unless there is an agreement, express or implied, by the employer that the employment shall continue during the period of such work.

The plaintiff, as treasurer and general manager of the defendant corporation, had one office at its building and another at her own home which the defendant did not maintain. Her work was not restricted to any particular time or locality, she being largely governed by her own convenience and by the demands of her personal and domestic duties as to where and when she did it. No agreement, express or implied, had been made with her by her employer that her contract of service should include the period of employment in her home. She customarily traveled between the two offices in her automobile, toward the maintenance of which the defendant contributed $10 per month; but on the day in question, because of an impending storm, and because a trolley car was then due, she chose the latter mode of conveyance for the purpose of carrying to the defendant's office some important work upon which she had been engaged in her home during the previous evening and a portion of the morning. While on the highway at the corner where she was to board the car, she fell and was injured. *Held:*

1. That the plaintiff's injuries did not arise in the course of her employment and, therefore, did not arise out of it.
2. That she was not an "outworker" within the meaning of that term as used in § 5388 of the General Statutes.
3. That the contribution by the defendant toward the maintenance of her automobile did not, under the circumstances, bring her use of it within her contract of employment.

Argued October 7th, 1926—decided January 28th, 1927.

APPEAL by the plaintiff from a finding and award of the compensation commissioner of the first district in favor of the defendants, taken to the Superior Court in

Hartford County and tried to the court, *Wolfe, J.;* judgment sustaining the appeal and vacating the award, from which the defendants appealed. *Error; judgment set aside, and Superior Court directed to dismiss the appeal.*

The following facts were found by the commissioner: The respondent-employer, Hazard Lead Works, is a corporation having a factory in Brooklyn, New York, and offices in Hazardville, Connecticut, where it employs about ten persons. The plaintiff-claimant is treasurer and general manager of this corporation, having a weekly salary averaging $60. She maintained two offices, one in the company's offices in Hazardville and the other at her home. Her work was done at these two offices, at her convenience and as was calculated to promote its efficiency; sometimes her stenographer came to her office at her home to assist her. The plaintiff was bound by no regular hours, nor was her work restricted to any particular locality. Her duties frequently took her to New York and other points outside the town of Enfield, where she resided. She observed no strict routine in the performance of her work, but generally planned to go to the Hazardville office about eight o'clock in the morning and start the work. She might remain a short time, or for the rest of the day. Sometimes she started the work in the morning and came back again in the afternoon. If she so elected, she might take time off, for personal or domestic duties, at any time during the day, or for a longer period. Her regular method of going from her home and the office in her home to the offices at Hazardville was by means of an automobile. This was known to the corporation, which contributed $10 a month to the maintenance of the car. Perhaps once a year, in going from her home to these offices and in returning, the plaintiff might use the street

cars.  On the evening of February 14th, 1922, she had
been busily engaged in preparing certain important
work for the corporation, which she completed by
rising early on February 15th, 1922, and working
an hour or an hour and a half in the morning.
Plaintiff, taking this material in a brief case, pro-
ceeded to "Matheson's Corner" to take a trolley car
to these offices, and while on the public highway at
this corner she slipped and fell, suffering severe in-
juries.  The plaintiff's reasons for departing from
her usual custom on this day were: first, that the
trolley happened to be due for Hazardville at the time
her special work was completed and she ready to start
for Hazardville; second, there was a severe storm im-
pending and her family deemed it unsafe for her to
use her car; and third, because she deemed this a safe
and sure method of taking the material she had pre-
pared to these offices.  Nothing in the evidence showed
that the street hazard to which the plaintiff was sub-
jected on the morning of her injury was in excess of
the hazard encountered by the ordinary wayfarer at
the same time and place.

The commissioner found that the plaintiff's injury
arose in the course of her employment, but did not
arise out of it, and that the injury suffered from the
fall upon the highway was an ordinary hazard of the
street.

*Warren Maxwell,* with whom, on the brief, was
*Allan E. BroSmith,* for the appellants (defendants).

*Frederick A. Scott,* for the appellee (plaintiff).

WHEELER, C. J.  The commissioner held that the
plaintiff-claimant's injury arose in the course of, but
did not arise out of, her employment, and accordingly

dismissed the claim. The plaintiff appealed, assigning as one of the errors of the commissioner his holding that her injury did not arise out of her employment. The defendants did not attempt to have the commissioner's holding that the plaintiff's injury arose in the course of her employment reviewed. The Superior Court sustained the appeal of the plaintiff and held that the commissioner erred in holding that the plaintiff's injury did not arise out of her employment.

From this holding the defendants have appealed. The only question we are called upon to decide is whether, upon the facts found by the commissioner, the plaintiff's injury did arise out of her employment. "An injury arises out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed. The injury is thus a natural or necessary consequence or incident of the employment or of the conditions under which it is carried on. Sometimes the employment will be found to directly cause the injury, but more often it arises out of the conditions incident to the employment. But in every case there must be apparent some causal connection between the injury and the employment or the conditions under which it is required to be performed, before the injury can be found to arise out of the employment." *Marchiatello* v. *Lynch Realty Co.,* 94 Conn. 260, 263, 108 Atl. 799; *Harivel* v. *Hall-Thompson Co.,* 98 Conn. 753, 757, 758, 120 Atl. 603.

The injury, to arise out of the employment, must arise in the course of the employment. Regardless of whether the commissioner has found that the injury did arise in the course of the employment, the facts found must show this to be the necessary inference, otherwise it cannot be held that the injury did so arise.

In *Larke* v. *Hancock Mut. Life Ins. Co.,* 90 Conn. 303, 308, 97 Atl. 320, 308, we define and explain the meaning of arising in the course of the employment: "An injury to an employee is said to arise in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment, or engaged in doing something incidental to it." See also *Harivel* v. *Hall-Thompson Co.,* 98 Conn. 753, 755, 120 Atl. 603. The tests to be applied are: Does the injury occur within the period of the employment? Does it occur in a place where the employee may reasonably be? Does it occur while he is reasonably fulfilling the duties of his employment? The facts found do not bring the plaintiff-claimant within either of these tests. We turn first to the facts found to ascertain whether the plaintiff was in the course of her employment when she was injured. Her place of business was in the offices of the Hazard Lead Works in Hazardville. If the limits of the area of her employment were in the defendant-employer's offices in Hazardville, she could not under the rule governing the ordinary case be regarded as in the course of her employment while upon the highway. The employees of a business concern cannot, as a general rule, be regarded as in the course of their employment while going to or returning from the place of their employment. We say this is the ordinary rule, "because the ordinary contract of employment of a workman to render service at a designated place does not cover his movements outside of that place. He uses the highways as the public uses them, because he must, and not because his employer by the terms or implications of his contract of employment has the right to require him to use them at the employer's will." *Lake* v. *Bridgeport,* 102 Conn. 337, 342, 128

Atl. 782. The same rule must govern the executive. We state in that case (p. 343) that this rule is subject to many exceptions, "based on the terms of the contract of employment." Four of these we note: (1) Where the employment requires the employee to travel on the highway. (2) Where the employer contracts to and does furnish transportation to and from work. (3) Where the employee is subject to emergency calls, as in the case of a fireman. (4) Where the employee is using the highway in doing something incidental to his employment, with the knowledge and approval of the employer, as in *Mason* v. *Alexandre,* 96 Conn. 343, 113 Atl. 925; *Corvi* v. *Stiles & Reynolds Brick Co.,* 103 Conn. 449, 453, 130 Atl. 674. The last two of these exceptions find no support in the finding. The third is dependent upon the finding that the employer contributed to the plaintiff $10 a month toward the maintenance of the automobile which she used in traveling to and from her home to her employer's offices. The sum given could be used at the pleasure of the plaintiff. She was under no obligation to ride in the automobile, but might use any other mode of transportation. The contribution was not a part of her contract of employment, nor can it be said that this contribution of itself brought her within her contract of employment whenever she was using the automobile in going to or returning from her work. The contribution did not bring plaintiff within *Swanson* v. *Latham,* 92 Conn. 87, 101 Atl. 492; rather would the facts found bring the plaintiff within *Orsinie* v. *Torrance,* 96 Conn. 352, 355, 113 Atl. 924. The plaintiff was not injured while riding in the automobile, but upon the public highway as she walked to the trolley, a mode of transportation which the employer did not select or know of.

The plaintiff's work did not require her to travel upon the highway. We are not dealing with the case

of an employee passing from one part of the employer's plant to another. The office that was maintained by the plaintiff in her own home was maintained, so far as the finding discloses, for the convenience of the plaintiff. It was not established, controlled, or maintained by the defendant-employer. It cannot be said that the plaintiff was in the employ of her employer during the evening when she worked at her home nor during the hour and a half she worked in her office in the early morning, preceding her injury. The plaintiff might at any time while in her home have turned from the work she was engaged upon for her employer to engage in domestic work for herself or her household; it could not be reasonably held that she was in the employment of the defendant-employer during such period of time as she was engaged in her own personal matters, or in domestic work. Not having regular hours of office work while in her home, it would be impossible to apportion the part of the day spent in her home between her employment and her personal duties. The facts found do not bring the plaintiff within any known exception to the rule that the ordinary contract of employment of a workman or an executive of a business whose area of employment is within defined limits cannot be regarded as in the course of his employment "while going to and returning from work upon the public highways." Employees of any business, of any degree, who carry work from their place of business to their home and there complete it, cannot be regarded as in the course of their employment during the period when they are engaged upon such work at their home, in the absence of an agreement, express or implied by the employer, that the employment shall continue during the period of such work. Nor can they be regarded as in the course of their employment when they are returning

in the morning with the completed work to their place of employment any more than they could be so regarded when they are returning without, work on other mornings. Nor could it be reasonably held that the employee was in the course of her employment while doing such work in her home in the absence of such agreement or understanding, although not in such employment while not doing such work in her home. There would be so great a degree of uncertainty and unreliability in determining whether the employee was at any given time engaged in the employer's work while at home, as to make it wholly impracticable to make such a determination. The plaintiff's employment did not bring her within the class denominated outworkers in General Statutes, § 5388.

The plaintiff's position was executive, her hours of duty depended upon her own will, and whether she remained in the employer's offices, or in her home, was also dependent upon her will. Her employment did not require her to travel upon the highway in any greater degree than that of the general public. She was not in the course of her employment when she was injured as the result of a fall upon a public highway. If the plaintiff was not in the course of her employment when injured, obviously the injury suffered could not have arisen out of it. The risk of a traveler falling upon a highway who is not required, through his employment, to travel thereon in any greater degree than that of the general public, cannot be said to be one "involved in the employment, or incident to it, or to the conditions under which it is required to be performed." The situation of the plaintiff was not like that of the policeman, the fireman, the letter-carrier, the insurance agent, the solicitor or collector, whose duties require them to travel upon the streets in the course of their employment. The cases there-

fore which hold that an injury suffered by such persons in the course of their employment while traveling upon the public streets arise out of the employment are not applicable upon the facts of this record. The plaintiff's employment did not require her to travel upon the public streets in any different way than the rest of the public.

There is error, the judgment is set aside, and the Superior Court directed to render judgment dismissing the appeal.

In this opinion the other judges concurred.