JOHN FLANAGAN *vs.* WEBSTER AND WEBSTER ET AL.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he reasonably may be, and while he is reasonably fulfilling the duties of his employment or is engaged in doing something incidental to it.

The general rule which excludes from compensation injuries sustained by an employee while going to or returning from the place of his employment is subject to many exceptions, two of

Flanagan *v.* Webster & Webster.

which arise where the employer contracts to and does furnish transportation to and from work or where the employee is using the highway in doing something incidental to his employment with the knowledge and approval of his employer.

The plaintiff was employed by the defendants in the construction of a State highway which he could reach only by transportation in one of the defendants' trucks. On the morning in question he went to the point on the State road where the truck usually picked him up and, in order to keep warm while awaiting its arrival, walked some distance along his left-hand side of the road until the truck overtook him and stopped on the opposite side of the road in order that he might board it. While crossing the road for this purpose, he was struck by an automobile and injured. *Held (two judges dissenting)* that at least from the moment when the truck stopped and the plaintiff was invited and, in effect, then and there ordered to board it, he was engaged in the course of his employment doing something incidental thereto; and that his injury was, therefore, compensable.

Argued January 19th—decided May 4th, 1928.

APPEAL by the defendants from a finding and award of the compensation commissioner for the third district in favor of the plaintiff, taken to the Superior Court in New Haven County and reserved by that court (*Wolfe, J.*) for the advice of this court. *Judgment advised dismissing the appeal.*

*Harold K. Watrous,* for the appellants (defendants).

*Frank P. McEvoy,* for the appellee (plaintiff).

WHEELER, C. J. The commissioner made an award of compensation to the plaintiff-claimant, from which defendants appealed. The Superior Court reserved the case upon the finding of the commissioner for the advice of this court. On December 23d, 1926, the plaintiff was and had been for less than two weeks prior to this date in the employ of the defendant-employers and at work upon the State highway in the town of Cheshire. The plaintiff lived in the village of

West Cheshire. The only way in which he could reach his work was through transportation furnished by the defendant-employers in one of their trucks which stopped for him in the morning usually at a point on the State road and carried him to his place of work. It ordinarily came along in time to get the men to their work at six-thirty a.m. On the stated morning, the plaintiff left his home and walked to the State road where the truck usually picked him up. It was late on this morning; the weather was cold, and because of this the plaintiff walked along the road in order to keep warm, and upon its left side. The truck came up with him, and stopped on the right-hand side of the road for him to board it. While plaintiff was crossing the highway to board the standing truck he was struck by an automobile and sustained a fracture of the femur. The commissioner held upon these facts that the plaintiff when injured was doing something incidental to his employment, and that the injury arose out of and in the course of his employment. The defendants claimed that as the plaintiff had not actually boarded the truck, he was not on premises controlled by the employers, and consequently the injury did not arise out of and in the course of his employment. If plaintiff's injury occurred in the course of his employment, manifestly it must have arisen out of the employment. The sole question for our determination is, did plaintiff's injury arise in the course of his employment? " 'In the course' of points to the place and circumstances under which the accident takes place and the time when it occurred". An injury is "said to arise in the course of his [the employee's] employment when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment, or engaged in doing something

incidental to it." *Larke* v. *Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 308, 97 Atl. 320; *Whitney* v. *Hazard Lead Works,* 105 Conn. 512, 517, 136 Atl. 105. As a general rule, employees will not be regarded as in the course of their employment while going to or returning from the place of their employment. We note, in *Lake* v. *Bridgeport,* 102 Conn. 337, 128 Atl. 782, that the rule is subject to many exceptions; four of these we specify in *Whitney* v. *Hazard Lead Works, supra,* and all of the four exceptions find illustration in our decided cases. Two of these exceptions are: "Where the employer contracts to and does furnish transportation to and from work," and "where the employee is using the highway in doing something incidental to his employment, with the knowledge and approval of the employer." The award made to the plaintiff-claimant must be brought within these exceptions if it is to be sustained.

The defendant-employers furnished the plaintiff transportation to and from his place of work. The work began when the employee reached the place of work. The employment certainly included the period of transportation, for that was by the terms of the employment made incidental to it by the express agreement of the employers. And we have held that the relation of master and servant exists during the period of transportation whether the transportation be under the express agreement of the employer, or by his implied consent inferred from his knowledge of the practice of transporting the employee and his expectation that this practice would continue. *Swanson* v. *Latham,* 92 Conn. 87, 101 Atl. 492, and *Sala* v. *American Sumatra Tobacco Co.,* 93 Conn. 82, 105 Atl. 346, were cases involving injuries to employees while riding, pursuant to their contracts of employment, to and from their work in conveyances furnished by their

employers. *Saba* v. *Pioneer Contracting Co.,* 103 Conn.
559, 131 Atl. 394, was a case involving injury to an
employee while riding to and from his work with the
knowledge of the employer of the practice, and his
continued acquiescence in it, resulting in affixing to
the contract of employment as an incident, the obliga-
tion of transporting the employee. See also *Donovan's
Case,* 217 Mass. 76, 104 N. E. 431; Article by Pro-
fessor Bohlen, 25 Harvard Law Review, 401 *et seq.*
Under the common law, as we have applied it, the
relation existing between the employee and employer
under a like transportation was that of master and
servant. *Pigeon* v. *Lane,* 80 Conn. 237, 67 Atl. 886.

In all of the cases we have had before us, raising the
question whether the transportation was an incident
of the employment, the injury to the employee
occurred while he was being transported in the con-
veyance furnished by the employer with his express or
implied consent. Our attention is particularly directed
by defendants' counsel to the statement in *Swanson* v.
*Latham, supra,* that "the employment [of Swanson]
began when the decedent boarded the automobile at
Willimantic," and from this counsel argue that the
employment of the plaintiff had not begun when he
was injured while crossing the highway for the pur-
pose of boarding the truck upon which the employers
furnished plaintiff transportation to his work. Upon
the facts in that case the statement was correct, the
employment did begin when the employee boarded the
automobile. We did not intend by this statement to
exclude other conditions which the employer might
expressly or impliedly have attached to the employ-
ment, and which had their inception prior to the
boarding of the automobile. Thus, the employer
might designate the place where the automobile was
to be boarded; it might be on private property or on

a public highway. If the employee went to the designated place within a reasonable time prior to the time when he was to board the automobile, he would, from the time he reached the designated place, be then carrying out the direction of his employer, and that direction would become an incident of the employment and a part of the means of transportation, just as a railway station, or a bus waiting room, is a necessary incident in the transportation of the passengers of the railway or bus line.

Similarly, when an employee is directed to report each morning at a given place, or to a certain person, to receive instruction as to where he is required to work that day, the relation of master and servant has been held to commence at the time he reported, and his employment to have begun at that time, and that the injury thereafter occurring, prior to the time of actually beginning work, was suffered in the course of his employment. *Milwaukee* v. *Althoff,* 165 Wis. 68, 145 N. W. 238; *Milwaukee* v. *Industrial Commission,* 185 Wis. 311, 201 N. W. 240. So it has been held that the fact that the injury occurs while the employee was in the act of boarding the train and not while being transported, does not relieve the employer of liability for compensation. *Fisher* v. *Tidewater Building Co.,* 96 N. J. L. 103, 114 Atl. 150. Nor does it relieve the employer where the employee is injured when upon his employer's premises and engaged in the preparation necessary for beginning the work of his employment. *Terlecki* v. *Strauss,* 85 N. J. L. 454, 89 Atl. 1023. Other illustrations of the underlying principle of these cases are found in the class of cases represented by: *Procaccino* v. *Horton & Sons,* 95 Conn. 408, 111 Atl. 594; *Merlino* v. *Connecticut Quarries Co.,* 93 Conn. 57, 104 Atl. 396; *Corvi* v. *Stiles & Reynolds Brick Co.,* 103 Conn. 449, 130 Atl. 674; *Cudahy Packing Co.* v.

*Parramore,* 263 U. S. 418, 423, 44 Sup. Ct. 153, and *Bountiful Brick Co.* v. *Giles* (U. S.) 48 Sup. Ct. Rep. 221, decided February 20th, 1928. "It is clear," said Collins, M. R., "that you cannot look at the moment when he begins his work as the moment when he gets into the employment." *Sharp* v. *Johnson & Co., Ltd.* (1905) 92 L. T. 675, 7 W. C. C. 28, 30. If the plaintiff had, when he walked from his home to the State road where his employers' truck usually picked him up, remained at this point, and was there injured while waiting for the truck, there could be no doubt that during the period plaintiff was waiting at this point, he was in the course of his employment. His being at this point, upon this finding, would have been an incident of his employment, and a fulfillment of the implied direction of his employers. Under the authorities we have cited, the employee would be held to have been in the course of his employment. But he did not remain in the place where the truck usually picked him up. The truck was late, and in order to keep warm he walked along the road, keeping upon the left-hand side of the road, which would enable him to see and avoid automobiles approaching toward himself. The finding is silent as to how far he had walked before the truck overtook him. Whether he could have recovered compensation from his employers for an injury suffered by him while he was walking upon the highway, we are not called upon to determine. The truck came up with the plaintiff as he was walking and stopped on the right-hand side of the road for the purpose of having him get on the truck. This was an invitation for the plaintiff to board the truck at this time and place, given by the driver of the truck, who was acting in behalf of his own and the plaintiff's employers. It was therefore as effective as if the employers themselves had then ordered the plaintiff to

board the truck. The question of the right of the employee to be at this place in the highway in the course of his employment need not be answered, since the employers had waived that right and accepted this particular place in the highway as a proper place for the plaintiff to board the truck. While the plaintiff was crossing the highway in carrying out his employers' invitation or order for the purpose of boarding the truck, he was struck by an automobile and injured. From the moment at least when the truck stopped and plaintiff began his attempt to cross the highway to board it, if not before, his employment began. He was then and thereafter, until struck, where he might reasonably have been, engaged in attempting to reach the truck so that he might board it, and reasonably fulfilling the order of his employers and doing something which was incidental to his employment. *Larke* v. *Hancock Mutual Life Ins. Co.,* and *Whitney* v. *Hazard Lead Works, supra.* The award of the commissioner should be sustained.

The Superior Court is advised to render its judgment dismissing the appeal from the commissioner.

In this opinion HAINES and HINMAN, Js., concurred.

MALTBIE, J. (dissenting). "It is undoubtedly the general rule that employees whose area of employment is within defined limits, are not regarded as in the course of their employment while going to and returning from work upon the public highways; nor do the risks incidental to travel on such highways ordinarily arise out of their employment. This is so, because the ordinary contract of employment of a workman to render service at a designated place does not cover his movements outside of that place. He uses the highways as the public uses them, because he must, and

not because his employer by the terms or implications of his contract of employment has the right to require him to use them at the employer's will." *Lake* v. *Bridgeport,* 102 Conn. 337, 342, 128 Atl. 722; *Whitney* v. *Hazard Lead Works,* 105 Conn. 512, 517, 136 Atl. 105. To this rule we have recognized many exceptions, most, if not all of them, referred to in these two decisions. In all of them, it will be found that the basis of the award rested upon the fact that the employer was furnishing transportation to the employee or that he was upon the highway in performance of a duty owed by him to his employer or in doing something incidental to his employment with the knowledge and approval of his employer. The case coming nearest to the one before us is *Lake* v. *Bridgeport, supra,* wherein we sustained an award of compensation to a special policeman injured by an ordinary street risk while on his way to the police station to report for duty. We rested our decision upon the fact that the plaintiff was required as a part of his duty to report to the police station, and in doing so "was acting in obedience to the orders of a superior having jurisdiction to control his movements at the time of the injury"; that he "was in the performance of his duties as special policeman."

"The statute is not applicable to an injury which arises through a danger or hazard dissociated from or not inherent in the nature of the employment as its source and to which the employee would have been equally exposed apart from the employment. This conclusion is not affected by the fact that the employee would not, except for the employment, have been where such danger or hazard existed. An injury does not arise out of the employment unless the hazard causing it is, within rational apprehension, an attribute of or peculiar to the specific duties of the em-

ployment." *Kowalek* v. *New York Consolidated R. Co.,* 229 N. Y. 489, 494, 128 N. E. 888. In such a case as this, "it is not enough for the applicant to say, 'the accident would not have happened if I had not been engaged in that employment or if I had not been at that particular place.' He must go further and must say, 'the accident arose because of something I was doing in the course of my employment or because I was exposed by the nature of my employment to some particular danger.'" *In re Betts,* 66 Ind. App. 484, 487, 118 N. E. 551. "At home or on the street he may meet with accident not arising out of or in the course of his employment. The Act does not cover such cases. The employee gets up in the morning, dresses himself and goes to work because of his employment, yet if he meets with an accident before coming to the employers' premises or his place of work that is not a risk of his occupation but of life generally." *De Voe* v. *New York State Railways,* 218 N. Y. 318, 320, 113 N. E. 256. In *California Casualty Indemnity Exchange* v. *Industrial Accident Commission,* 190 Cal. 433, 213 Pac. 257, the court had before it the case of the driver of a truck for the delivery of ice, who had left it standing in the street while he went to get lunch, and was killed while crossing the street on his return to it. The court said (p. 436): "There must be some connection between the injury and the employment other than the mere fact that the employment brought the injured party to the place of injury. There must be some causal connection between the employment and the injury in the sense that, by reason of the employment, there was an unusual or additional exposure of the injured party to the kind or character of . . . danger (in this case an ordinary street risk) which caused the injury. The injury must have its origin in a risk con-

nected with the employment, and must have flowed from that source as a rational and natural course."

If an employee were struck by an automobile while waiting in the street to enter the door of the factory where he was employed, or, finding it closed, while passing along the street to another door, or while crossing the street to it, I apprehend that he would not be permitted an award of compensation. That case is strictly analogous to the one before us. As soon as the plaintiff had embarked upon the transportation furnished by his employers, he would come within the zone of his employment, but while he was proceeding from his home to the State road, while he was standing upon or passing along that road waiting for the truck, and while he was crossing the road to it, he was not engaged in doing anything which was in the course of his employment or incidental to it, but was using the highways as would any pedestrian properly traveling over them. The risks he assumed were those of the traveling public, not those growing out of his employment or its incidents. That being so, it cannot be said that the injury arose in the course of his employment.

In this opinion BANKS, J., concurred.