FLORENCE DeROSA ET AL. *vs.* LEVERING AND GARRIGUES COMPANY.

First Judicial District, Hartford, May Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued May 8th—decided July 9th, 1930.

*Thomas J. Birmingham,* for the appellant (defendant).

*Philip Reich,* with whom, on the brief, were *Edward T. Buckingham* and *Samuel Reich,* for the appellees (plaintiffs).

BANKS, J.  Plaintiffs are dependents of DeRosa who was a structural ironworker in the employ of the defendant which is engaged in the business of erecting structural steel for buildings throughout New England. On December 28th, 1928, a job upon which he had been working at New Haven was completed, and he and a fellow workman were told to report for work the next morning at Wilson's Station, a short distance

north of Hartford. The next morning DeRosa left his house in Fairfield upon a motorcycle, picked up his fellow workman in Milford, and proceeded toward Wilson's Station. As they were passing through Berlin shortly before eight o'clock a tire on the motorcycle blew out, and DeRosa and his companion were thrown against a fence and sustained fatal injuries.

When the defendant's employees were shipped from one town to a job in another town they were paid whatever the railroad fare might be between the two towns, as was required by the rules of the union. If DeRosa had reported at Wilson's Station at a not unreasonably long time after eight a. m. he would have received wages from that hour, and would also have received in his weekly envelope whatever the railroad fare might be between New Haven and Wilson's Station. The commissioner found that the defendant's employees used a motorcycle in transporting themselves from one job to another, that the defendant contemplated that they would use such means of transportation, which was more convenient than travel by train, and lessened the likelihood of delay, and hence was a benefit to the defendant, and, further, that the defendant contemplated that the usual highway accidents were annexed to the use of the motorcycle as a means of transportation. These findings as to the use of the motorcycle for transportation of the defendant's employees were found without evidence, the motion of the defendant to strike them from the finding should have been granted, and the finding is corrected accordingly.

The commissioner found that DeRosa's injuries and death arose out of and in the course of his employment, and the appeal tests the correctness of the judgment of the trial court affirming an award of compensation based upon that conclusion. An employee is not, as

a general rule, entitled to compensation for injuries received upon a public highway while going to and from work. Such injuries do not ordinarily occur in the course of the employment and the risks incidental to such travel do not ordinarily arise out of the employment. "This is so, because the ordinary contract of employment of a workman to render service at a designated place does not cover his movements outside of that place. He uses the highways as the public uses them, because he must, and not because his employer by the terms or implications of his contract of employment has the right to require him to use them at the employer's will." *Lake* v. *Bridgeport,* 102 Conn. 337, 342, 128 Atl. 782; *Whitney* v. *Hazard Lead Works,* 105 Conn. 512, 136 Atl. 106; *Orsinie* v. *Torrance,* 96 Conn. 352, 113 Atl. 924. The rule is subject to exceptions based upon the terms, express or implied, of the particular contract of employment involved. We noted four such exceptions in the *Whitney* case, *supra,* and it is the contention of the plaintiffs that this case comes within the fourth there stated, to wit: "Where the employee is using the highway in doing something incidental to his employment with the knowledge and approval of his employer." The commissioner felt that this case was controlled by our decision in *Ohmen* v. *Adams Brothers,* 109 Conn. 378, 146 Atl. 825, the facts in which brought it within that exception. In that case the plaintiff employee was a carpenter, and it was his custom to be at his place of employment ready for work at eight o'clock. His wages began at that hour whether he had reached the job or not. He drove his own car to work which his employers knew and acquiesced in. On the morning that he was injured he had gone, with the consent of his employers, to vote, and received his injuries at about nine-twenty while on his way from the polls

after he had reached the main highway and was proceeding to his work by the shortest route there and by the same highway he would have taken had he gone directly from his home to his place of work. We held that (p. 386) "from the time he reached the main highway and was proceeding to his place of work he was in the course of his employment. . . . He was going by the direction of his employers to his work, in a customary conveyance of which they had knowledge and by a route which was the shortest route to the place of his work and one which it was reasonable for him to take. He was on the same highway which he would have taken had he gone directly from his home to his place of work. . . . The injury came within the statutory definition because it happened to the plaintiff while he was engaged in the line of his duty in the business of his employers outside the premises of his employers but within the hours of his employment and at a place where the employee had a right to be by the employers' direction. It came within our definition because it took place within the period of the employment, at a place where the employee might reasonably have been and while he was reasonably doing something incidental to it." In the present case the injury took place before the period of the decedent's employment had begun, and while he was on his way to work (under the finding as corrected) by a means of conveyance not known to or acquiesced in by his employer. It cannot be said that he was using the highway in doing something incidental to his employment with the knowledge and approval of his employer. Nor does the case come within the exception to the general rule arising where the employer contracts to and does furnish transportation to and from work, as in the case of *Swanson* v. *Latham*, 92

Conn. 87, 101 Atl. 492. In that case the contract of employment required the employer to furnish transportation and the injury occurred while the employee was being carried in the conveyance actually provided by the employer, and arose out of a hazard of such transportation. Here there was no agreement, express or implied, that the employer was to furnish transportation. As required by the rules of the union, the employee, when transferred from one town to a job in another, received in his weekly pay envelope whatever the railroad fare might be between the two places. The actual method of travel adopted by the employee was a matter of indifference to the employer, and one over which it had no control. DeRosa, when killed, was on his way, not from New Haven, but from his home in Fairfield, and in a conveyance furnished by himself and of the character of which the defendant, so far as appears, had no knowledge. The controlling facts bring the case squarely within the principles of *Orsinie* v. *Torrance, supra,* where we held that the fact that the employee's wages included a sum measured by the cost of transportation by trolley to and from work, did not justify a conclusion that his contract of employment was operative, either as controlling his movements or as affecting the hazards to which he was subjected, after he had left the employer's premises.

In *Whitney* v. *Hazard Lead Works, supra,* where the employer contributed toward the maintenance of an automobile used by the employee in going to and from work, we held that an injury happening while the employee was upon the highway walking to the trolley did not occur in the course of her employment.

There is error, the judgment is set aside and the Superior Court directed to enter its judgment sustain-

ing the appeal from the Commissioner and vacating the award.

In this opinion the other judges concurred.