RAFAEL DE J. CORDERO, MANAGER OF THE STATE INSURANCE FUND, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; EUGENIA MEDINA RIVERA, Claimant.

No. 265. Argued July 12, 1943.—Decided July 31, 1943.

*M. Rodríguez Ramos,* Acting Attorney General, *G. Benítez Gautier,* Deputy Attorney General, and *G. Atiles Moréu, J. Correa Suárez* and *Angel de Jesús Matos,* Legal Advisers of the State Insurance Fund, for petitioner. *Víctor J. Vidal González* for claimant.

Mr. Justice De Jesús delivered the opinion of the court.

While Eugenia Medina Rivera was being employed as housekeeper of the Porto Rico Sanatorium she slipped in the kitchen of said establishment and upon falling broke her left arm. Said employee was immediately confined in a hospital of this city at the expense of the insurer, The State Insurance Fund. Next day she was taken to her house and continued under treatment in the dispensary of the State Insurance Fund at Puerta de Tierra. One day while she was going to said dispensary for her treatment, in compliance with doctor's orders that she should go on said day, the employee, without stumbling and for no reason at all, lost her balance and fell again as a result of which she broke her right arm. The Manager of the State Insurance Fund denied compensation for the second accident, on the ground that it had not occurred within the scope of her employment or in obedience of any orders from her employer or from the Manager of the State Fund. The employee appealed to the Industrial Commission of Puerto Rico which reversed the order of the Manager and ordered that compensation be paid as provided by law for said accident. The Manager moved for a reconsideration which was denied whereupon the present appeal was taken.

The question to be determined is whether this second accident should be considered as having occurred within the scope or as a consequence of her employment and therefore entitled to compensation.

The State Insurance Fund gave medical assistance to this employee in connection with the first accident and by doing so it was complying with an obligation imposed by the Workman's Compensation Act. Likewise, when the employee obeyed the orders of the doctor of the State Insurance Fund to go for treatment on the day of the accident she was also complying with the duty imposed on her by §5 of said Act which provides that every workman or employee who has

suffered an accident must undergo the treatment provided by the Manager. To this effect §5 provides in its pertinent part:

"The refusal or objection of a workman or employee, without just cause, to submit to the medical examination or professional treatment provided by the Manager shall deprive him of his right to receive compensation under this Act or to institute or prosecute proceedings hereunder to recover such compensation."

If the employee had not obeyed the doctor's orders and had failed to go for treatment on said day, which was the day of the accident, she would have incurred in the penalty provided by the law copied above. It is unquestionable that a person who by reason of a fracture of the arm has no movement in that extremity, can not keep the same balance while walking as he would under normal conditions. Therefore, when she was discharged from the hospital where she was confined and ordered to go to a dispensary for medical treatment, for which treatment this employee had to walk from her home to the dispensary, she was subjected to a risk for the benefit of the Manager, who saved the expenses of keeping the employee confined in a hospital until full recovery. Under these circumstances it is logical to conclude that this second accident which occurred while the employee was going for treatment along a street which she was in the habit of using, was one which arose out of, and in the course of, her employment.

The case of *Mason* v. *Alexandre*, 113 A. 925, invoked by employee's attorney, sheds light on the decision of this appeal. This case involved a workman who had suffered an accident within the scope of his employment and while going to the doctor's office for treatment, he left the public highway at the suggestion of his daughter and took a shortcut across a railroad track. While crossing the track he was run over by the train and as a consequence of this second accident he died. The Commissioner decided that the workman

had died as a result of an accident which had arisen out of and within the course of his employment and granted compensation to his dependents. The Supreme Court of Errors of Connecticut reversed the order of the Commissioner. That court decided that when a workman goes for treatment to the doctor's office, with the knowledge and approval of his employer, he is doing something incidental to the employment and for the benefit of himself and of his employer. But the workman did not go by a public highway but by a shortcut, and there is no showing in the record that he was in the habit of using it. Relying on the ground that the workman subjected himself to an extraordinary risk in going, without the knowledge or approval of his employer, along a dangerous route to the doctor's office, the court reversed the order of the Commissioner. It is clearly inferred from the opinion that if the workman had met death by reason of an accident while he was going along the public highway which he was in the habit of using or along any other route which would not subject him to the extraordinary risk of the shortcut which he took, the order of the Commissioner would have been sustained, for that court stated that going to a doctor's office for treatment was something incidental to his employment for the joint benefit of himself and his employer.

See also *Montaner, Mgr.* v. *Industrial Commission,* 57 P.R.R. 226, invoked by the Commission and counsel for the injured employee.

Since we are of the opinion that in going to the doctor's office for treatment in obedience to the orders of the doctor of the State **Insurance Fund, the** employee was doing something incidental to her employment, the appeal must be dismissed and the order affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Travieso did not participate herein.