RAFAEL DE J. CORDERO, en su carácter de ADMINISTRADOR DEL FONDO DEL ESTADO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; EUGENIA MEDINA RIVERA, peticionaria ante la Comisión Industrial.

Núm. 265.—*Sometido:* Julio 12, 1943. *Resuelto:* Julio 31, 1943.

*Hon. Procurador General Interino M. Rodríguez Ramos, G. Benítez Gautier, Procurador General Auxiliar y G. Atiles Moréu, J. Correa Suárez y Ángel de Jesús Matos, abogados los tres últimos del Fondo del Estado y abogados todos del recurrente; Víctor J. Vidal González, abogado de la peticionaria ante la Comisión.*

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Mientras Eugenia Medina Rivera prestaba servicios como ama de llaves del Porto Rico Sanatorium resbaló en las lo-

setas de la cocina de dicho establecimiento y al caer se fracturó el brazo izquierdo. Dicha empleada fué inmediatamente recluída en una clínica de esta ciudad por cuenta del asegurador, Fondo del Seguro del Estado. Al día siguiente de ser recluída se le ordenó trasladarse a su casa y continuar curándose en el dispensario del Fondo del Seguro del Estado en Puerta de Tierra. Al trasladarse un día a dicho dispensario para ser curada, cumpliendo órdenes del médico para que fuese en dicho día, la empleada, sin tropezar con objeto alguno y sin explicarse la causa, perdió el equilibrio cayéndose otra vez, y como consecuencia de la caída se fracturó el brazo derecho. El Administrador del Fondo del Seguro del Estado le negó compensación por el segundo accidente, fundándose en que éste no había ocurrido con ocasión de su empleo ni obedeciendo órdenes de su patrono ni del Administrador del Fondo del Estado. Recurrió la empleada para ante la Comisión Industrial de Puerto Rico y ésta revocó la resolución del Administrador y ordenó que en relación con dicho accidente se le pagase la compensación que para dicha fractura señala la ley. Solicitó reconsideración el Administrador y le fué denegada. Interpuso entonces el presente recurso.

La cuestión se reduce a determinar si debe considerarse este segundo accidente como acaecido en el curso y como consecuencia de su empleo y por lo tanto con derecho a compensación.

Al suministrar el Fondo del Seguro del Estado asistencia médica a esta empleada en relación con el primer accidente, cumplía una obligación impuéstale por la Ley de Compensaciones a Obreros. Igualmente, al obedecer la empleada la orden del médico del Fondo del Seguro del Estado para que fuese a curarse el día del segundo accidente, también cumplía ella el deber que la sección 5 de dicha ley impone a todo obrero o empleado que ha sufrido un accidente, de someterse al tratamiento facultativo provisto por el Adminis-

trador. A ese efecto la citada sección 5 en lo pertinente dice:

"La negativa u oposición sin justa causa, del obrero o empleado a someterse al examen médico o tratamiento facultativo provisto por el Administrador surtirá el efecto de privarlo de su derecho a recibir compensación de acuerdo con esta Ley o entablar o seguir procedimiento de acuerdo con la misma para obtener tal compensación."

De no haber obedecido la empleada la orden del facultativo dejando de ir a curarse el día por él indicado, que fué el del accidente, hubiera incurrido ella en la sanción prescrita en el precepto legal que en lo pertinente acabamos de transcribir. Es innegable que una persona a quien con motivo de una fractura en un brazo se le inmoviliza dicha extremidad, no puede guardar al andar el mismo grado de equilibrio que guardaría en condiciones normales. De manera, pues, que al dársele de alta en la clínica donde estaba recluída y ordenársele que fuese a recibir asistencia a un dispensario, para lo cual tenía dicha empleada que caminar desde su casa hasta el sitio donde debía curarse, se le impuso un riesgo en beneficio del Administrador, quien se economizó los gastos que representaba la reclusión de la empleada en la clínica hasta su completo restablecimiento. En tales circunstancias es lógico concluir que este segundo accidente ocurrido mientras la empleada se dirigía a recibir curación, caminando por una calle por donde siempre acostumbraba transitar, fué uno que surgió en y como consecuencia de su empleo.

El caso de *Mason* v. *Alexandre*, 113 A. 925, citado por el abogado de la empleada, nos da luz en la solución del presente recurso. Se trataba en el citado caso de un obrero que había sufrido un accidente en el curso de su empleo y mientras se dirigía a la oficina del médico del asegurador para curarse, abandonó la vía pública por donde caminaba, por consejo de una hija suya, y se dirigió por un atrecho donde tenía que cruzar las vías de un ferrocarril. Mientras cru-

zaba la vía fué arrollado por el tren y como consecuencia de ese segundo accidente, falleció. El Comisionado resolvió que el obrero había muerto con motivo de un accidente surgido en el curso y como consecuencia de su empleo y concedió compensación a sus dependientes. La Corte Suprema de Errores de Connecticut revocó la resolución del Comisionado. Resolvió aquel tribunal que al dirigirse el obrero a la oficina del médico para ser curado, con el consentimiento y aprobación de su patrono, estaba haciendo algo que era incidental a su empleo y en beneficio propio y de su patrono. Pero el obrero no fué por una vía pública sino por un atrecho por donde no aparecía del récord que hubiera tenido él la costumbre de transitar. Fundándose la corte en que el obrero asumió un riesgo extraordinario al dirigirse, sin conocimiento o consentimiento de su patrono, por el sitio de peligro a la oficina del médico, revocó la resolución del Comisionado. Claramente se infiere de la opinión que si el obrero hubiera recibido la muerte con motivo de un accidente mientras fuese caminando por la vía pública por donde ordinariamente acostumbraba transitar u otra donde no hubiese el peliro extraordinario del atrecho que tomó, la resolución del Comisionado hubiese sido sostenida, pues el tribunal declaró que el dirigirse donde el médico a recibir curación era un incidente del empleo para beneficio propio y del patrono.

Véase además el caso de *Montaner, Administrador, v. Comisión Industrial y Albadalejo*, 57 D.P.R. 233, citado por la Comisión y por la representación de la empleada lesionada.

Entendiendo como entendemos que el dirigirse la empleada en este caso a recibir curación en obediencia a la orden que le diera el médico del Fondo del Seguro del Estado constituía un incidente de su empleo, *procede desestimar el recurso y confirmar la resolución recurrida.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.