## STANLEY KUHARSKI
*vs.*
## BRISTOL BRASS CORPORATION ET AL.

Superior Court          Hartford County          File No. 72683

MEMORANDUM FILED AUGUST 13, 1945.

*Cole & Cole*, of Hartford, for the Plaintiff.

*Edward S. Pomeranz*, of Hartford, for the Defendants.

QUINLAN, J. This is an appeal from an award under the Workmen's Compensation Act. "The trial court does not retry the facts. It decides the appeal upon the finding as made by the Commissioner, unless the appeal assigns, as error, the finding or omission to find any facts, and the court finds that facts have been found or omitted which, if found, in accordance with the evidence, would affect the result. The right of the trial court to correct the finding of the Commissioner is similar to that exercised by us upon a proper appeal over the finding of a **trial court.**" *Swanson vs. Lathan,* 92 Conn. 87, 90, quoted in *Rainey vs. Tunnel Coal Co.,* 93 Conn. 90, 94.

While they may not be effectively material, because of the closeness of the question involved, paragraph 2 of the defendant's motion to correct is granted with the exception of the sentence "It is done for the convenience of the employee", and also paragraph 3 of said motion without the addition of 11A. The court is of the opinion that the matter stricken is a conclusion and not a statement of fact. The other corrections have either to do with conclusions, have been granted by the Commissioner, or stated by him in different language.

The accident which is the basis of the appeal occurred on a public highway by reason of the claimant being run into by a third person not an employee of the defendant. At once the court is confronted by obiter in a dissenting opinion by our Chief Justice in the case of *Flanagan vs. Webster & Webster,* 107 Conn. 502, 512, which gives the court pause, and states the reaction this court had at the oral argument. I shall use the quotation: "If an employee were struck by an automobile while waiting in the street to enter the door of the factory where he was employed, or, finding it closed, while passing along the street to another door, or while crossing the street to it, I apprehend that he would not be permitted an award of compensation." I am mindful that this appears in a dissenting opinion. It occurred in 1928. Our law contains certain exceptions in highway accidents where the risk would appear to be one of the travelling public, and the development of the law of compensation has been along liberal rather than conservative lines, and moreover, the facts of this case have been found by the Commissioner. These facts are brought by the Commissioner within the lines of some of our decisions. The only question then seems to be whether the conclusions reached by the Commissioner were the result of an incorrect application

of legal principles or a violation of the plain rules of reason or logic. *Wilder vs. Russell Library Co.,* 107 Conn. 56, 62.

First, then, what are some of the exceptions to the risk being one common to highway travellers? Among them are these: (1) where the employment requires the employee to travel on the highway; (2) where the employer contracts to and does furnish transportation to and from work; (3) where the employee is subject to emergency calls, as in the case of a fireman; (4) *where the employee is using the highway in doing something incidental to his employment, with the knowledge and approval of the employer. Lake vs. Bridgeport,* 102 Conn. 337, 343; *Whitney vs. Hazard Lead Works,* 105 id. 512, 518.

An injury to an employee is said to arise out of and in the course of his employment while engaged "upon the employer's premises, or while so engaged elsewhere upon the employer's business or affairs by the direction, express or implied, of the employer." Gen. Stat. (1930) §5223 (adopted 1927). Under the statute injuries are not deemed to arise out of the employment "unless causally traceable" to it.

The fact that claimant was not performing any duties of his employment would not defeat his right to compensation (*Smith vs. Seamless Rubber Co.,* 111 Conn. 365, 367) if it was something permitted by his employer for their mutual convenience, and not for the exclusive benefit of the employee. In the latter situation while it might arise in the course of the employment it would not arise out of it. The fact is Mr. Cook accepted plaintiff's gas application and was to examine it later. It is true that claimant arrived at the plant early and the injury occurred about 6:45, but *Flanagan vs. Webster & Webster, supra ,at page* 507, disposes of the question of when the relationship of master and servant began even though before the actual beginning of work.

In this case, with facts found indicating a mutual benefit to employee and employer as in No. 4 of the exceptions hereinbefore referred to, and in the light of the cases herein cited, I cannot find an "incorrect application of legal principles or a violation of the plain rules of reason or logic" (*Wilder vs. Russell Library Co., supra*) even though the court feels the line has been drawn closer than ever before.

The appeal is dismissed and judgment may enter to the plaintiff.

See *McDonald vs. Gulf Refining Co.*, 98 Conn. 286; *Ruck-gaber vs. Clark*, 131 Conn. 341; *Puffin vs. General Electric Co.*, 132 Conn. 279.