ERNESTO MERLINO *vs.* THE CONNECTICUT QUARRIES
COMPANY ET AL. (THE CONNECTICUT QUARRIES COM-
PANY ET AL. APPEAL FROM COMPENSATION COM-
MISSIONER).

Third Judicial District, New Haven, June Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A quarryman going to his home after work, stopped momentarily at a
store or commissary, maintained upon his employer's premises
for the convenience of the employees, to speak to a fellow-workman,
and on leaving there was hit and killed by a stone thrown from
one of several blasts which were customarily fired off shortly after
work had ended for the day, following the blowing of a warning
whistle for persons within the danger zone to take shelter. *Held:*—

1. That it was a necessary inference from the facts found that the
employer had consented that its employees, on quitting work,
might stop at the commissary and thus remain within the danger
zone for a short time.

2. That while the employee's failure to heed the warning whistle and
seek shelter, in accordance with the rule, was perhaps negligence,
it did not constitute such serious and wilful misconduct as to
amount to a defense under the Workmen's Compensation Act.

An employee who receives an injury which arises from the risk of the
business, while he is engaged at the time and place of his injury
in doing something incident to his employment with the express
or tacit consent of his employer, is acting within the scope of his
employment and entitled to compensation accordingly

Submitted on briefs June 11th—decided July 23d, 1918.

APPEAL by the defendants from a finding and award
of the Compensation Commissioner of the third dis-
trict in favor of the plaintiff, taken to the Superior
Court in New Haven County where the finding of
the Commissioner was corrected by striking out the
statement, among others, that the injury sustained
by the decedent arose "out of and in the course of his
said employment" (*Case, J.*), and judgment was ren-
dered vacating the award and dismissing the claim,

from which the plaintiff appealed. *Error; judgment to be entered affirming the award of the Commissioner.*

This is a proceeding under the Workmen's Compensation Act by Ernesto Merlino, widow and dependent of Eugenio Merlino, against the Connecticut Quarries Company. Merlino was employed in a quarry conducted by the defendant, and quit work at 5:30 p. m. when the quitting whistle blew. He went down a pathway to a commissary situated upon premises controlled by the employer, carrying with him four empty boxes for fire wood. At the commissary Merlino talked for a minute or two with another workman, declined an invitation to drink a glass of beer, and picked up his child who had come to meet him. He then proceeded along a road leading to his dwelling. The commissary was conducted by an individual to whom the defendant gave the use of the land for that purpose, in order that its employees might obtain supplies at a point convenient to their work. It was the custom of the employer to fire blasts about ten minutes after work ended for the day, a warning being given by blowing a whistle five times, when it was expected that employees within the danger zone would seek shelter. On the afternoon in question the warning whistle was blown about four minutes after the quitting whistle blew, and the blasts were fired several minutes later. Merlino had then reached, on his way home, a point from fifteen to sixty feet from the commissary, where he was killed by a stone thrown by the blast.

Nearly ten minutes elapsed between the quitting whistle and the blast, and Merlino might easily have been out of danger if he had not stopped at the commissary and had not incumbered himself with the boxes and child. The neighborhood of the commissary was more or less dangerous while blasting was going on. The Commissioner awarded compensation

and the Superior Court, on appeal, vacated the award and dismissed the claim.

*Peter Trenchi* and *J. Frank Sullivan*, for the appellant (plaintiff).

*Harrison Hewitt* and *Charles E. Clark*, for the appellees (defendants).

BEACH, J. The injury arose out of the employment, at a place within the danger zone created by the business of the employer. That being so, the only question remaining is whether it was fairly consistent with the performance of the contract of employment that Merlino should be at or about the place at or about that time. In *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, 96 Atl. 368, we pointed out that where an injury arising from a risk of the business is suffered while the employee, though not doing the work for which he was employed, is still doing something which the employer has expressly or tacitly consented that his employees might do, incidentally to their employment, at that time and place, the injured employee is within the scope of his employment.

That rule is applicable to this case, and it leads to the inquiry whether the defendant had consented that its employees, on quitting work, might stop at the commissary, and so remain within the danger zone created by the business, for the space of ten minutes after the quitting whistle blew.

While there is no explicit finding on this precise point, it is a necessary inference from the findings that the employer had so consented. Thus it is found that the advantage which the employer derived from the commissary was that it supplied the wants of its employees at a point convenient to their work and

Merlino *v.* Connecticut Quarries Co.

their homes; and that the commissary and the cellar under the commissary and the west side of the commisary afforded shelter from flying rock. It is also found that at the sound of the warning whistle, it was the duty of employees who were not out of range to seek shelter, and general instructions had been issued to that effect. There is no finding which indicates that the commissary was not customarily open for business at quitting time.

The necessary inference from this state of the record is that employees were expected to patronize the commissary in going from their work, and that the resultant probability of their presence near the commissary while blasting was going on was recognized, and to some extent provided for, by the rule about taking shelter.

Merlino's failure to obey this rule was a careless and perhaps a negligent omission, but it was not such serious and wilful misconduct as amounts to a defense under the Workmen's Compensation Act.

The Superior Court based its judgment, vacating the award, upon the proposition that because the employer had given the men ample time to leave the danger zone after stopping work, it was absolved from liability for injury to one who unhindered by any agency beyond his own control—remained on the premises beyond the time allowed him to depart. This is another way of stating the fundamental rule that the employer's liability under the Act is co-extensive with and limited by the contract of employment, but, as applied to this case, it fails to take sufficient note of the fact, pointed out in *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, 86 Atl. 368, that the contract of employment includes all incidental terms which may have become annexed to it by the consent of the employer.

In this case the employer co-operated in the maintenance of a commissary kept open at quitting time within the danger zone created by its business, and in effect it invited its employees to stop there on their way home. Under these circumstances it cannot fairly be denied, that one who met his death because he was thus induced to linger a few minutes within the danger zone, was fairly within an agreed incidental term of his contract of employment.

There is error and the cause is remanded with direction to set aside the judgment vacating the award, and to enter judgment affirming the award of the Commissioner.

In this opinion the other judges concurred.