Vitas *v.* Grace Hospital Society.

—————————◆◆◆◆—————————

VIRGINIA VITAS *vs.* THE GRACE HOSPITAL SOCIETY ET AL.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The plaintiff, who occupied a room in the defendant hospital where she was employed as a laundress, took from her home four pairs of window curtains intending to hang two of them in her room and return the others to her home after ironing them upon the machine which she operated. Because of the large amount

of work handled on Tuesdays and Thursdays this machine was kept hot on those days during the noon rest period of one hour and a quarter and the employees "sometimes" did personal work upon the machine before the expiration of that period, without objection on the part of the employer, although the laundry for all the help was done on Fridays in the usual course of business. On the Thursday in question, the plaintiff utilized a portion of her rest period to iron the curtains intended for her room and, while attempting to release one of them which had been caught in the machinery, sustained a severe injury to her hand. *Held:*

1. That the temporary suspension of work during the noon rest period, which was clearly an incident of the employment, was not sufficient to break its continuity.

2. That although the plaintiff's injury occurred within the period of the employment and at a place where she might reasonably be, she was not then reasonably fulfilling the duties of her employment or engaged in doing something incidental to it, since it could not be reasonably found that the employer permitted or even knew of the use which she was making of the machine, the mere fact that the employees "sometimes" used the machine during the rest hour for similar purposes without objection being insufficient to warrant an inference that such use had become a practice of which the employer had, or should have had, knowledge; and that the plaintiff's injury, therefore, did not arise out of her employment.

Argued January 20th—decided May 4th, 1928.

APPEAL by the defendants from a finding and award of the compensation commissioner for the third district in favor of the plaintiff, taken to the Superior Court in New Haven County and tried to the court, *Wolfe, J.;* judgment rendered sustaining the appeal and vacating the award, from which the plaintiff appealed. *No error.*

*Patrick B. O'Sullivan,* for the appellant (plaintiff).

*Cornelius J. Danaher,* for the appellees (defendants).

WHEELER, C. J. The appeal raises the questions whether the plaintiff's injury arose out of and in the course of her employment; these are to be determined

upon the findings made by the commissioner, since no attempt has been made to correct them.

The plaintiff-claimant was employed in the laundry of the defendant-employer, Grace Hospital Society, which was operated for the purposes of washing and ironing bedding, clothing and other articles worn and used by the patients, nurses and help who lived in the hospital. The claimant lived in the hospital, occupying with two others a room which had two windows. On Tuesdays and Thursdays more work was done in the laundry than on other days, and the flat work ironing machine was kept hot during the noon rest period, and the laundry employees frequently started to work at about twelve-thirty instead of waiting until one o'clock, the usual time for beginning work after the noon period.

The laundry for the help was done on Fridays in the regular course of business. The claimant took to the hospital from her home four pairs of window curtains, with the intention of ironing them on the machine which she operated, and using two pairs to hang at the windows of the room she occupied at the hospital, and returning the other two pairs to her home.

The claimant was at liberty to hang such curtains as she wished at the windows of the room she occupied in the hospital, and when the curtains needed laundering they would be done at the hospital laundry in the usual course of business.

Employees in the laundry sometimes did personal work during the noon rest period on days when the machine was kept running during the noon hours, so that it might remain hot, and this practice was not objected to by the employer.

On Thursday, June 24th, 1926, at about twelve-forty-five p.m., the claimant attempted to launder the window curtains, starting with the two pairs which she

intended for use in her room. One of the curtains intended for her room became caught in the machine and she went behind the machine and attempted to release it, and in so doing her hand became caught in the machine and was severely injured. The claimant's action in this respect was not serious and wilful misconduct.

The commissioner held that at the time of her injury the claimant was engaged in work which was incidental to her employment, at a place she was permitted to be, and that her injury arose out of and in the course of her employment. The trial court held the reverse of this and vacated the award.

The plaintiff's "hours of work" were from seven to eleven-forty-five and from one to five. This allowed a noon rest period of one hour and a quarter. The noon rest period was an incident of the employment and clearly contemplated by it. *Guiliano* v. *O'Connell's Sons,* 105 Conn. 695, 701, 136 Atl. 677; *Mann* v. *Glastonbury Knitting Co.,* 90 Conn. 116, 120, 96 Atl. 368.

Temporary suspension of work by an employee for a permitted rest period, or lunch hour, or for satisfying the wants of nature, or in seeking refuge from rain, or for warming one's self where this is not a clear departure from the employment, have not been generally held sufficient to break the continuity of the employment. *De Luca* v. *Park Commissioners,* 94 Conn. 7, 11, 12, 107 Atl. 611; *Blovelt* v. *Sawyer,* L. R. (1904) 1 K. B. 271, 273; *Sundine's Case,* 218 Mass. 1, 4, 106 N. E. 433; *Brightman's Case,* 220 Mass. 17, 19, 20, 107 N. E. 527; *Zabriskie* v. *Erie R. Co.,* 86 N. J. L. 266, 92 Atl. 385, 386; *Northwestern Iron Co.* v. *Industrial Commission,* 160 Wis. 633, 152 N. W. 416, 417. Moreover, while the hours named were the regular hours of work, it also appears that on the busier days

of Tuesdays and Thursdays, the ironing machine was not allowed to cool during the noon period, but was kept hot, and work on it for the hospital was often started again at half past twelve without waiting for the end of the rest period. It was within this period and upon a Thursday that the injury occurred. Unquestionably it occurred within the period of the employment and at a place where the plaintiff might reasonably be.

This meets two of the three conditions which must be present before it can be held that the claimant's injury arose out of her employment. The third requirement is that her injury resulted from a risk arising out of the employment or the conditions under which it was carried on. *Larke* v. *Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 308, 97 Atl. 320; *Harivel* v. *Hall-Thompson Co.,* 98 Conn. 753, 755, 120 Atl. 603; *Whitney* v. *Hazard Lead Works,* 105 Conn. 512, 517, 136 Atl. 105.

If the work of ironing these curtains was something which was done for her exclusive personal benefit, or it was a personal privilege extended to her by her employer and having no direct or incidental relation to her employment, the injury resulting from its exercise would not justify compensation under the Workmen's Compensation Act.

On the other hand, even though the act done is outside the obligations of the contract yet, if it was permitted by the employer for their mutual benefit and convenience, it would be compensable. Eating in the lunch hour, and other personal acts, which are incidental to the employment, or minor interruptions arising in the course of the employment, are illustrations of acts of this character. *Mann* v. *Glastonbury Knitting Co.,* 90 Conn. 116, 96 Atl. 368; *Guiliano* v. *O'Connell's Sons,* 105 Conn. 695, 136 Atl. 677.

The work of ironing the curtains by the employees who lived in the hospital was permitted by the employer in the hospital laundry as a part of the usual course of business. The claimant could hang such curtains as she chose at the windows of the room she occupied. She was not required to do it. The curtains belonged to the claimant; so far as appears her employer did not know that she had hung or purposed hanging curtains at the windows of her room. The employer permitted the claimant to have these curtains ironed for the windows of her room as it did the help in the hospital in the usual course of business.

It does not appear that the employer knew that the plaintiff was, or was about, to engage in laundering these curtains at the time of her injury, or at any other time. The day when claimant was laundering the curtains was not on a day the employer had given the help permission to do laundry work. We must then seek to find if the facts were such as to charge the employer with notice of plaintiff's act. Sometimes, the finding recites, the employees in the laundry did personal work during the noon rest period when the machine was kept running so as to remain hot, on Tuesdays and Thursdays, and this practice was not objected to by the employer. If this practice had been known to the employer, and was so frequent as to have charged it with the duty of knowing of the practice, and the employer had not objected to it, the employees might fairly have inferred that their employer permitted such use. But that is not this case. The commissioner calls the use made by the employees a practice, but the practice was obviously an infrequent one, for this use, as the court says, only occurred "sometimes." The commissioner could not infer from this that the employer knew of this practice, much less can we make the inference as matter of law.

The finding does not state that the defendant knew that employees engaged in this use as a usual custom, or how frequent was the practice, or at what stated periods, or whether the circumstances surrounding the condition of the room and the supervision over it were such that from them might be drawn the necessary inferences imputing to defendant knowledge of the practice, or of the use made by the claimant of this room. The commissioner could not infer from the mere fact that sometimes the help did personal laundry work in the noon rest hour, when the machine was hot, that the defendant-employer knew of this use, and we cannot infer this.

The assent of the employer cannot be implied from the fact that the employer did not object. If the facts found showed that the employer had actual or constructive knowledge of the existence of a practice to do personal work in this way, there would be the necessary basis of an implication of knowledge, but lacking any finding from which such inference of knowledge could be drawn, the basis of such an implication is absent.

The case does not fall within the principle discussed in *Guiliano* v. *O'Connell's Sons,* 105 Conn. 695, 136 Atl. 677, but rather upon that discussed and determined in *Mann* v. *Glastonbury Knitting Co.,* 90 Conn. 611, 96 Atl. 368.

There is no error.

In this opinion the judges concurred.