GEORGE MCCORMICK *vs.* SOUTHERN NEW ENGLAND ICE COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued February 8th—decided April 3d, 1934.

*Harrison D. Schofield,* with whom, on the brief, was *David R. Woodhouse,* for the appellant (defendant).

*John F. Chatfield,* with whom, on the brief, was *Howard L. Shaff,* for the appellee (plaintiff).

HAINES, J. On July 4th, 1933, and for sometime prior thereto the claimant had been in the employ of the respondent, delivering ice. Upon the date named, he got into his own car to back it out of the respondent's garage, and in closing the door of the car, broke the window in the door. He attempted to raise the window and a piece of glass flew up striking and injuring his left eye, and for the injury thus inflicted, he sought compensation. In addition to the foregoing, the commissioner found that mornings when the claimant reported for work he drove his own car into the garage after he had taken out the respondent's truck, and left it there until his day's work was completed, at which time he drove his own car out and replaced it with the truck. It was also found that on the day of the accident, the claimant had finished his work at noon with the exception of one delivery of fifty pounds of ice to be made at three o'clock that afternoon, and that he intended to place the ice in his own car for delivery therewith at three o'clock; that driving his own car in and out of the garage was in no way connected with his employment, but that putting his own

car in the garage was to protect it from the elements, and its proposed use for the delivery of the ice at three o'clock, was merely a matter of convenience to himself. Drawing the conclusion from the foregoing that the injury did not arise out of or in the course of the employment, the commissioner denied compensation to the claimant. Upon motion to correct the finding, however, the commissioner added to the finding that "it was a part of the claimant's work with the respondent to put the truck in the garage and at the time of his injury he was moving his own automobile out of the respondent's garage in order to make room for the truck." He also added to the finding that "while the claimant was on his ice route driving the respondent's truck and delivering ice, it was his usual custom to leave his own automobile in the respondent's garage;" and that this arrangement "was with the knowledge and consent of the respondent."

Certain other changes in the finding were refused by the commissioner, but in the Superior Court, upon submission of the evidence, these requests were granted, and are, so far as they are important, to the following effect: that putting his car in the garage while delivering ice and taking it out when he had finished delivering in order to put the truck in its place, "was with the knowledge and consent of the respondent and was one of the actual conditions under which the claimant's employment was carried on." Upon the finding as thus corrected, the Superior Court decided the claimant was entitled to compensation and sustained the appeal. We are satisfied from reading the evidence that the changes made by the Superior Court were justified.

It is to be noted that the facts added to the finding by the commissioner were inconsistent with other subordinate facts which the finding already contained. It

therefore did not furnish a basis upon which his conclusion concerning the rights of the claimant could rest. As finally amended in the Superior Court, the finding shows that the injury arose in the course of the claimant's employment. It took place (a) within the period of the employment, which did not end on that day until after the delivery of the last piece of ice at three o'clock; it occurred (b) at a place where he could properly be, and (c) while he was reasonably doing something which was incidental to his employment. *Stakonis* v. *United Advertising Corporation,* 110 Conn. 384, 389, 148 Atl. 334; *Ryerson* v. *Bounty Co.,* 107 Conn. 370, 372, 140 Atl. 728; *Whitney* v. *Hazard Lead Works,* 105 Conn. 512, 517, 136 Atl. 105. It being established that moving his car in and out of the garage was his usual custom, known and consented to by the respondent, and one of the conditions under which the employment was being carried on, it follows that it was a thing which he was expected by the respondent to do. Thus the injury arose in the course of the employment. *Stakonis* v. *United Advertising Corporation, supra.*

While putting his car in the garage did not fall within his obligatory duties, but was merely permissive, yet its removal for the purpose of putting in the truck may be said to have been obligatory, even though there were no specific instructions given therefor by the respondent. Under these circumstances, the claimant was still in the course of his employment. *Mann* v. *Glastonbury Knitting Co.,* 90 Conn. 116, 96 Atl. 368.

Not only did the injury arise in the course of the employment, but it was clearly a risk incident to the conditions, consented to by the employer, under which the employment was carried on. It therefore arose out of the employment. *Marchiatello* v. *Lynch Realty Co.,* 94 Conn. 260, 263, 108 Atl. 799; *Harivel* v. *Hall-*

*Thompson Co.,* 98 Conn. 753, 757, 120 Atl. 603; *Lovallo* v. *American Brass Co..* 112 Conn. 635, 640, 153 Atl. 783.

There is no error.

In this opinion the other judges concurred.