NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FANNY GRADY, PETITIONER, v. NEVINS CHURCH PRESS
COMPANY, RESPONDENT.

Decided December 15, 1936.

For the petitioner, *Joseph M. Kiell* (*David Roskein,* of counsel).

For the respondent, *Clarence B. Tippelt* (*Newton H. Porter,* of counsel).

\*　　　\*　.　　\*　　　\*　　　\*　　　\*　　　\*

It is admitted that on the day in question, February 21st, 1936, the petitioner, while on her way to work for the respondent, sustained an accident, when she slipped and fell on ice that accumulated on a driveway adjacent to the employer's factory building.

\*　　　\*　　　\*　.　\*　　　\*　　　\*　　　\*

Immediately adjacent to the said plant and on the premises of the respondent, there is located a concrete driveway, which is used for the purpose of ingress and egress of the respondent's trucks and vehicles of others having business with the respondent. This concrete driveway extends beyond the sidewalk and on to the curb so that the vehicles may enter into and upon the public highway.

The petitioner's regular working hours were from eight A. M. to five P. M. It was customary, however, for the peti-

tioner and certain of her fellow employes to report early and during the period immediately preceding eight o'clock, she was accustomed to clean her dies, read her newspaper and gossip with her fellow employes. This had been her practice in both good weather and bad and was known to the respondent, and continued without objection from it.

On the morning in question, the petitioner arrived at the premises of the respondent shortly prior to seven-thirty A. M., and while in the act of proceeding across the concrete driveway, slipped and fell on the ice that had accumulated thereon. As a result of the fall, it is admitted that the petitioner received a Potts fracture of the right ankle. The sole question for decision is whether or not the accident which the petitioner so sustained, arose out of and in the course of her employment with the respondent.

As a general rule, an employe injured while going to or from his work to his home, or while in the use of the public highway used by the public generally, does not come within the protection of the Workmen's Compensation act. It is ordinarily held that if an employe is injured on the premises of his employer while going to or from his work, he is entitled to compensation for such injuries. *Honnold Workmen's Compensation* (3d ed.) 473, and authorities therein cited. The employer is not limited to the exact moment when the workman reaches the place where he begins his work or the moment he ceases that work. It necessarily includes a reasonable amount of time and space before and after ceasing actual employment, having in mind all the circumstances connected with the said accident. *Terlecki v. Strauss,* 85 *N. J. L.* 454; 89 *Atl. Rep.* 1023; *affirmed (Court of Errors and Appeals),* 86 *N. J. L.* 708; 92 *Atl. Rep.* 1087. I believe that the greater weight of the authority appears to be to the effect that if an employe meets with an accident on the premises of the employer, either going to or from his work, *i. e.,* entering or leaving the premises within a reasonable time, the accident would be held to arise out of the employment. The entering or leaving of the premises where one is employed is so closely connected with his employment as to render it a necessary incident thereto. The courts have repeatedly held that the

terms "work" and "employment" are not synonymous. As was said by Mr. Justice Swayze in *Terlecki* v. *Strauss, supra:*

"It would be entirely too narrow a construction to limit the benefit of the statute to the time the workman is actually employed at his machine. He must have time to reach his machine and to get away from his employer's premises. In fact, it is a necessary implication of the contract of the employer that the workman shall come to his work and leave with reasonable speed when the work is over."

In the case of *Meucci* v. *Gallatin Coal Co.,* 279 *Pa.* 184; 123 *Atl. Rep.* 766, the court held that the word "premises" as appearing in the Compensation act, does not include all property owned by the employer, but does embrace that used in connection with the actual place of work where the employer carries on the business in which the employe is engaged. To like effect is the case of *Northwestern Fuel Co* v. *Industrial Com.,* 197 *Wis.* 48; 221 *N. W. Rep.* 396. In each of these cases the employe was injured upon a public road which went through the employer's plant or works, and the defense was made that the employe was not within the Compensation act because the injury occurred in a public road. That court held that made no difference, as the road was used in connection with the place of work where the employer carried on the business in which the employe was engaged. *Gillette* v. *Rochester Co.,* 224 *A. D.* (*N. Y.*) 319. See *Essex County Country Club* v. *Chapman* (*Supreme Court*), 113 *N. J. L.* 182; 173 *Atl. Rep.* 591.

It is academic that an owner of land owns the same to the center line of the street. However, the public has an easement to walk over the sidewalk in front of the said premises. The proofs here show that the petitioner sustained her injury by slipping on the concrete apron (driveway) immediately adjacent to defendant's plant, and while on her way to report for duty and just before entering the factory building for the purpose of discharging her customary duties. Having constructed such driveway, as a necessary adjunct to its business, the respondent thus exercised a greater enjoyment and use of this strip than that set aside for sidewalk purposes in general, notwithstanding the public easement over both. The drive-

way was used not only by the public generally in passing, but as one of the entrances to the respondent's place of business by its customers and its employes as well. Not only this, but the respondent made use of it for other purposes in connection with its business. In fact, it constructed and used the driveway for the purpose of permitting its trucks and vehicles of those with whom it had business relations to enter upon the same and on to the premises of the respondent.

To say that the fall of the petitioner on the driveway of the employer was so disassociated from the premises proper as to take her out of the benefits of the Compensation act would be placing too narrow a construction on this liberal legislation. A concrete driveway immediately adjacent to the employer's plant and part of the employer's premises used by the employer for the passage of its trucks was so connected with the business in which the employe was engaged as to form a component part of it. It was immediately adjacent to the entrance of the factory proper. The fact that it formed a part of a sidewalk over which the general public had an easement does not in my opinion place the petitioner in a legal position different than if she had fallen on her employer's premises over which the public had no easement.

The soundness of this rule is well established upon a line of cases of which *Cudahy Co.* v. *Parramore, 263 U. S.* 418; 44 *S. Ct.* 153; 68 *L. Ed.* 366; 30 *A. L. R.* 532, and *Bountiful Brick Co.* v. *Giles, 276 U. S.* 154; 48 *S. Ct.* 221, 222; 72 *L. Ed.* 507, 509; 66 *A. L. R.* 1402, are typical. In the last cited case the Supreme Court of the United States, by Mr. Justice Sutherland, said: "* * * And employment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employe be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employe was engaged in his work at the

place of its performance. In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached. Probably, as a general rule, employment may be said to begin when the employe reaches the entrance to the employer's premises where the work is to be done; but it is clear that in some cases the rule extends to include adjacent premises used by the employe as a means of ingress and egress with the express or implied consent of the employer. *Id., Cudahy Co. v. Parramore*, 263 *U. S.* (at *p.* 426); 44 *S. Ct.* 153. And see, generally, *Procarccino* v. *E. Horton & Sons,* 95 *Conn.* 408; 111 *Atl. Rep.* 594; *Merlino* v. *Connecticut Quarries Co.,* 93 *Conn.* 57; 104 *Atl. Rep.* 396; *Corvi* v. *Stiles and R. Brick Co.,* 103 *Conn.* 449; 130 *Atl. Rep.* 674; *Starr Piano Co.* v. *Industrial Accident Commission,* 181 *Cal.* 433, 436-438; 184 *Pac. Rep.* 860; *Sundine's Case,* 218 *Mass.* 1, 4; 105 *N. E. Rep.* 433; *L. R. A.* 1916A, 318 (5 *N. C. C. A.* 616)."

I therefore feel that the accident which the petitioner sustained on February 21st, 1936, arose out of and in the course of petitioner's employment with the respondent, and in accordance with the stipulation of counsel, order that judgment be entered in favor of the petitioner and against the respondent.

\*          \*          \*          \*          \*          \*          \*

JOHN J. STAHL,
*Deputy Commissioner.*