FRANCES GULLO, PROSECUTOR-PETITIONER, v. AMERICAN LEAD PENCIL COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted May 4, 1937—Decided July 26, 1937.

Before Justices Bodine, Heher and Perskie.

For the prosecutor-petitioner, *Edward Stover.*

For the defendant-respondent, *Perkins, Drewen & Nugent* (*John Drewen*).

Bodine, J.   The prosecutor was employed at the plant of the American Lead Pencil Company in Hoboken.   On February 17th, 1936, she arrived in the vicinity of the factory shortly before the time required for her to commence work. When on the sidewalk about two feet from the entrance gate used by the defendant for the entry and departure of its employes, as well as for trucks and vehicles, she fell on an uncleared patch of ice, sustaining injuries for which she sought compensation.   The bureau and the Court of Common Pleas refused an award on the theory that the accident did not occur upon the employer's premises.   In this there was error, since the bounds of the employer's premises cannot be so narrowly construed.

"It would be entirely too narrow a construction to limit the benefit of the statute to the time the workman is actually employed at his machine.   He must have time to reach his machine and to get away from his employer's premises.   In fact, it is a necessary implication of the contract of employment that the workman shall come to his work and shall leave with reasonable speed when the work is over.   The preparation reasonably necessary for beginning work after the

employer's premises are reached and for leaving when the work is over, is a part of the employment. A workman is none the less in the course of employment because he is engaged in changing his street clothes for his working clothes." *Terlicki* v. *Strauss*, 85 *N. J. L.* 454; *affirmed*, 86 *Id.* 708.

"As a general rule an injury suffered by an employe in going to or returning from the employer's premises where the work of his employment is carried on does not arise out of and in the course of his employment. *Fisher* v. *Tidewater Building Co.*, 96 *N. J. L.* 103; *affirmed*, 97 *Id.* 324. * * * We believe that the pertinent rule to be extracted from the case is this: The relation of employer and employe continues while the employe is riding to and from his employer's premises, in a truck used in connection with his employer's work, by direction of his employer, with his knowledge and acquiescence in the continued practice, which was beneficial to both the employer and employe; and an injury sustained while so riding arises out of and in the course of his employment. See *Cicalese* v. *Lehigh Valley Railroad Co.*, 75 *Id.* 897; *Depue* v. *Salmon Co.*, 92 *Id.* 550; *Dunbaden* v. *Castles Ice Cream Co.*, 103 *Id.* 427; *Bolos* v. *Trenton Fire Clay and Porcelain Co.*, 102 *Id.* 479; *affirmed*, 103 *Id.* 483." *Alberta Contracting Corp.* v. *Santomassimo*, 107 *Id.* 7. See, also, *Laverty* v. *Ludington Management, Inc.*, 110 *Id.* 410.

"As an exception to the general rule that injuries sustained by an employe while going to or from work are not ordinarily compensable, injuries which occur to an employe while going to or from his work and after he has come upon the employer's premises *or at a place so close thereto as to be considered a part thereof*, or before leaving such premises or place, as the case may be, are held to be compensable." 71 *C. J.* 716.

In *Cudahy Packing Co.* v. *Parramore*, 263 *U. S.* 418, 423, an employe going to work at his employer's factory and using a public road was killed by a locomotive of another concern on a railroad crossing adjacent to the plant. The accident occurred a few minutes before it was necessary for the man

to commence his services. The court held that the imposition of liability on the employer for the benefit of the workman's dependents by a workmen's compensation law similar to our own was not improper. Mr. Justice Sutherland delivering the opinion of the court said: "But the contention here, shortly stated, is that the accident was one which occurred off the premises of the employer on a public road, outside the hours of employment and while the employe was not engaged in any business of the employer; that it was not the result of any industrial risk but arose from a common peril to which the public generally was exposed; and that consequently liability is imposed arbitrarily and capriciously. * * * Workmen's compensation legislation rests upon the idea of status, not upon that of implied contract; that is, upon the *conception that the injured workman is entitled to compensation for an injury sustained in the service of an industry to whose operations he contributes his work as the owner contributes his capital—the one for the sake of the wages and the other for the sake of the profits.* The liability is based, not upon any act or omission of the employer, but upon the existence of the relationship which the employe bears to the employment because of and in the course of which he has been injured. And this is not to impose liability upon one person for an injury sustained by another with which the former has no connection; but it is to say that it is enough if there be a causal connection between the injury and the business in which he employs the latter—a connection substantially contributory though it need not be the sole or proximate cause. Legislation which imposes liability for an injury thus related to the employment, among other justifying circumstances, has a tendency to promote a more equitable distribution of the economic burdens in cases of personal injury or death resulting from accidents in the course of industrial employment, and is a matter of sufficient public concern (*Mountain Timber Co.* v. *Washington, supra,* 239), to escape condemnation as arbitrary, capricious or clearly unreasonable."

It was held in *Bountiful Brick Co.* v. *Giles,* 276 *U. S.* 154,

that: If the employe be injured while passing, with the express or implied consent of the employer, to or from his work over the premises of another in such proximity and relation to the premises of the employer as to be in practical effect a part of them, the injury is one arising out of and in the course of the employment as much as though it had happened while the employe was engaged in his work at the place of its performance. See *Bryn* v. *Central Railroad of New Jersey*, 114 *N. J. L.* 534.

Mr. Justice Sutherland, in delivering the opinion said: "Probably, as a general rule, employment may be said to begin when the employe reaches the entrance to the employer's premises where the work is to be done; but it is clear that in some cases the rule extends to include adjacent premises used by the employe as a means of ingress and egress with the express or implied consent of the employer."

The dependents of a brewer's drayman, who had left his truck and had gone to a public house to get a glass of beer and who was killed by an automobile while recrossing the street, were held entitled to compensation. *Martin* v. *J. Lovibond & Sons, Ltd.*, 1914, 2 *K. B.* 227. Of course in that case the employe by reason of his employment was exposed to the dangers of the street.

"Where an employe was injured, after she had left the room in which she worked to get her lunch, upon a flight of stairs which, though not under the control of the employer, afforded the only means of going to and from the workroom, the injuries arose out of and in the course of her employment, within the Massachusetts Workmen's Compensation act. (St. 1911, ch. 751.) *In re Sundine*, 218 *Mass.* 1.

In *Field et al.* v. *Charmette Knitted Fabric Co. et al.*, 245 *N. Y.* 139, it was contended that although the employe's dependents would have been entitled to compensation if he had been struck and killed by a discharged workman in the mill, that the circumstances that he was outside the mill and in the street when the accident occurred took the case out of the benefit of the statute. Mr. Justice Cardozo, then chief justice of the Court of Appeals of New York, held otherwise,

saying: "Continuity of cause has been so combined with contiguity in time and space that the quarrel from origin to ending must be taken to be one."

The employer's premises are more than the mere place of work. The approaches thereto even if over a public or private way may be so related to the injury and the business of the employer and employe that an accident occurring to an employe outside the factory gates may be as much an accident arising out of and in the course of the employment as though it had occurred within those gates. To refuse a recovery for an injury within two feet of the factory gate at a point where the employer had the right to remove the cause of the accident is far too limited a construction of a remedial law. The uncleared snow and ice near the factory gate was an unnecessary hazard to those hurrying to the place of employment. The duty to compensate employes for accidental injury extends beyond the mere confines of the factory and includes the approaches to the place of work certainly when within the control of the employer as were the sidewalks.

The judgment refusing prosecutor compensation in the bureau and in the Court of Common Pleas is set aside, with costs.