CHARLES SALOMONE, PETITIONER-DEFENDANT, v. PATRICK ANSETTA, RESPONDENT-PETITIONER.

Argued October term, 1937—Decided November 4, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the respondent-petitioner, *Avidan & Avidan* (*Alexander Avidan*).

For the petitioner-defendant, *Harold S. Lewine.*

BODINE, J.  Charles Salomone was awarded compensation in the bureau and the award was affirmed in the Court of Common Pleas.  Subsequently, the cause was remanded to the bureau for the purpose of determining the extent of the permanent disability which at that time the bureau was unable to ascertain.  The writ brings up both the order remanding the cause and that awarding compensation.

The question before us is merely whether the evidence supports the findings of the two tribunals that the accident arose out of and in the course of Salomone's employment.  This court does not lightly disturb the judgments of two concurring tribunals.

Petitioner was employed as a helper on one of the defendant's trucks used in the collection of garbage.  He lived above the garage used by the defendant.  After the collection of garbage had been completed, petitioner and other helpers were taken back in the trucks on which they had worked to the garage.  On the day of the injury, which was Christmas of 1934, the driver of the truck, on which petitioner was one of the helpers, stopped at a beer garden and the driver and the helper had a few drinks.  Petitioner Salomone and the other helper, a man named Lemma, were unable to leave the garden as soon as the driver of the truck.  Lemma by running was soon able to catch the truck but Salomone was not.  He hailed a passing vehicle, which being faster, enabled him to pass the truck.  He left this car and signaled the truck driver that he wanted to ride home.  The truck driver motioned for him to come on but kept on driving slowly in order that he might pass the lights at a nearby intersection before they changed.  Salomone then boarded the truck by the tailboard, walked forward and knocked on the cab to be let in.  However, the driver seemed not to heed him, so he climbed over the cab and the hood and while on the running board preparatory to

climbing into the cab was jostled off, suffering the injuries for which compensation was awarded.

"We believe that the pertinent rule to be extracted from the cases is this: The relation of employer and employe continues while the employe is riding to and from his employer's premises, in a truck in connection with his employer's work, by direction of his employer, with his knowledge and acquiescence in the continued practice, which was beneficial to both the employer and employe; and an injury sustained while so riding arises out of and in the course of his employment." *Alberta Contracting Corp.* v. *Santomassimo,* 107 *N. J. L.* 7; 150 *Atl. Rep.* 830. See, also, *Gullo* v. *American Lead Pencil Co.,* 118 *N. J. L.* 445; 193 *Atl. Rep.* 804.

The dependents of a brewer's drayman, who had left his truck and had gone to a public house to get a glass of beer and who was killed by an automobile while recrossing the street, were held entitled to compensation. *Martin* v. *J. Lovibond & Sons, Ltd.* (1914), 2 *K. B.* 227. Apparently stopping for refreshment does not in that jurisdiction take the employe out of his employment.

It does not seem to us, under the proofs, that the employe in this case was injured as a result of horse play or so called skylarking. The driver of the truck was not too careful of the petitioner's safety nor did he show much regard for his own welfare.

"It is argued that it was negligence on his part to jump on the running board of the truck. But negligence does not bar recovery in a proceeding such as this under section 2 of the Workmen's Compensation act. *Taylor* v. *Seabrook,* 87 *N. J. L.* 407; 94 *Atl. Rep.* 399." *Bolos* v. *Trenton Fire Clay, &c.,* 102 *N. J. L.* 479; 133 *Atl. Rep.* 764.

The judgment under review will be affirmed, with costs.