### CHARLES ILIFF v. NORWALK TIRE & RUBBER COMPANY ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 3—decided November 6, 1940.

*Leslie N. Davis,* for the appellant (plaintiff).

*Joseph E. Bove,* with whom was *Vance N. Kirby,* and, on the brief, *Arthur B. O'Keefe* and *Roy N. Freed,* for the appellees (defendants).

AVERY, J. The facts of this case as found by the commissioner, with such corrections as the plaintiff is entitled to, are these: The claimant was employed by the respondent as an engineer for a period of several years, his hours of employment being from 6 to 12 in

the evening. On April 25, 1939, about 10:25 p. m., he started to grease a mixer at his employer's plant but it was not ready for greasing and he found that he would be required to wait a few moments before he could commence the operation. While waiting for the mixer to be ready, the claimant went to the boiler room and commenced washing a pair of overalls belonging to a fellow employee. This was not part of his duties as an engineer. As he was washing the overalls, a fire started in some unaccountable manner in that section of the boiler room, and as a result of the fire the claimant was severely burned and incapacitated. The commissioner further found that the plaintiff's employment did not require him to be in the part of the room where the fire occurred. Upon these facts, the commissioner found that the claimant did not sustain an injury arising out of and during the course of his employment. The Superior Court upon appeal sustained this ruling of the commissioner and the only question involved upon this appeal is whether the ruling was correct.

"An injury arises in the course of the employment when it takes place (a) within the period of the employment, and (b) at a place where the employee may reasonably be, and (c) while he is reasonably fulfilling the duties of the employment or doing something incidental to it. . . . An injury is said to arise out of the employment (a) when it occurs in the course of the employment, and (b) when the injury is the result of a risk involved in the employment or incident to it or to the conditions under which it is required to be performed." *Ryerson* v. *Bounty Co.,* 107 Conn. 370, 372, 373, 140 Atl. 728. In that case it appeared that the employee had been mixing feed for horses in a room in which he lived, as he customarily did, with the tacit consent of the employer, and as he was about

to descend to the stables to give the feed to the horses he attempted to sit down in a rocking chair in order to tie his shoestring but slipped and fell to the floor, causing him the injuries for which compensation was sought, and we held that he was entitled to recover. In *Richards* v. *Indianapolis Abattoir Co.*, 92 Conn. 274, 102 Atl. 604, an employee, a driver, having worked outside in wintry weather for several hours, came into his employer's premises and while waiting for an opportunity to use a freight elevator to carry beef upstairs for his employer sat down in front of the fire-box of the boiler and fell asleep, and while asleep his clothing caught fire and he was injured. The elevator was used jointly by his employer and another concern and the course of duty of the plaintiff called for waiting until the elevator was free. In sustaining the award in favor of the plaintiff in that case, we said (p. 277): "He was injured while on duty, in his working hours, when waiting for an opportunity to continue his service of employment." In *Lovallo* v. *American Brass Co.*, 112 Conn. 635, 153 Atl. 783, the employee was injured during the half hour allowed by his employer for lunch, by reason of the fact that his clothing, oily and greasy as a result of his employment, caught fire as he undertook to light his pipe, and we held that he was entitled to recover; and we pointed out (p. 639) that temporary acts for an employee's personal benefit incident to his employment will not necessarily amount to a deviation from it sufficient to defeat his right to compensation. See *McCormick* v. *Southern New England Ice Co.*, 118 Conn. 295, 171 Atl. 838.

These cases are decisive of the instant case. The injury to the plaintiff occurred within the period of employment and at a place where the plaintiff might reasonably be while fulfilling the duties of the em-

ployment and as a result of a risk incident to the employment, namely fire, occurring at the plant. The duty of the plaintiff was to grease the mixer and as it was not ready for greasing to wait until it was. While his duties did not require him to go into the boiler room during his waiting period, it is not found that he was violating any rule in so doing. The fact that he was at the moment placing the overalls of a fellow employee in water to soak in that room has no more of a causal connection with the injury than if he had been standing in the room doing nothing. The duty of the plaintiff was to wait until the mixer was ready for him to work upon it. That he stepped into an adjoining part of the plant while so waiting and was injured by fire hazard, in no way connected with what he was doing, has no more bearing on his injury than if it had occurred while he was waiting beside the mixer. This fact distinguishes the instant case from other decisions we have made where there has been a temporary cessation of employment and compensation has been denied, because in them the injury arose out of the very act of the employee which he was engaged upon for his own benefit or that of another. *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, 119, 96 Atl. 368; *Reeves* v. *Dady Corporation*, 95 Conn. 627, 629, 113 Atl. 162; *Vitas* v. *Grace Hospital Society*, 107 Conn. 512, 141 Atl. 649; *Howe* v. *Watkins Brothers*, 107 Conn. 640, 142 Atl. 69; *Smith* v. *Seamless Rubber Co.*, 111 Conn. 365, 150 Atl. 110.

There is error, the judgment is reversed and the case is remanded to the Superior Court with direction to recommit the cause to the commissioner for an award in favor of the plaintiff.

In this opinion the other judges concurred.