Núm. 256. — FULLADOSA, recurrente v. COMISIÓN INDUSTRIAL, dmdada; FONDO DEL ESTADO, recurrido.—Original. Recurso de Revisión. Nov. 3, 1942.

(Por la Corte, a propuesta del Juez Asociado Sr. Todd, Jr.)

POR CUANTO, los hechos alegados en la petición en este recurso son al efecto de que Leonor Fulladosa es una maestra rural que trabaja en el Municipio de Humacao; que el 22 de agosto de 1941 estaba llo-

viendo y al dirigirse ella a su escuela caminaba por una vereda que estaba resbalosa a consecuencia de la lluvia y ella se cayó al suelo y se fracturó un brazo; que el Administrador del Fondo del Seguro del Estado declaró no compensable el accidente y ape'ado el caso a la Comisión Industrial y celebrada la vista correspondiente, también se denegó la compensación y se declaró sin lugar una moción de reconsideración;

Por cuanto, la Comisión Industrial fundamentó en parte su resolución en esta forma:

"No puede negarse que cuando un profesor camina desde su casa hasta la escuela donde ejerce su ministerio, realiza un acto conectado con su servicio, pero no hay duda alguna de que accidentes sufridos en estas circunstancias son riesgos a los que están expuestos todos y cada uno de los obreros y empleados, así como los miembros de la comunidad, y no puede decirse que procedan del trabajo y que sean consecuencia del mismo, porque al riesgo de resbalar en la calle, de ser atrapados por un camión, tranvía, etc., están expuestos todos los obreros y empleados así como el público en general."

Por cuanto, una situación de hechos análogos a los del caso de autos surgió en el de *Pérez* v. *Comisión Industrial*, 53 D.P.R. 960, en el que se confirmó en un *per curiam* la resolución de la Comisión denegando compensación a otra maestra de instrucción pública y se resolvió lo siguiente:

"Por cuanto, estamos enteramente conformes en que la doctrina más razonable en casos como el presente es aquélla que caracteriza estos accidentes como provenientes de los riesgos propios de la calle a los que está expuesta toda la comunidad;

"Por cuanto, el accidente no surgió de ninguna función o acto inherente al trabajo de maestra o profesora de educación;

"Por cuanto, vista la jurisprudencia sentada en: *Gullo* v. *American Lead Pencil Co.*, 193 A. 804, 118 N. J. Law 445; *Morgan* v. *Industrial Comm. of Utah*, 66 P. (2d) 144; *Grady* v. *Nevins Church Press Co.*, 189 A. 668, 15 N. J. Misc. 190; *Hopkins* v. *Michigan Sugar Co.*, 184 Mich. 87, 150 N. W. 325; *Wimmer* v. *Upper Saucon Tp. School District*, 176 A. 840, 116 Pa. Super. 553; *De Constantin* v. *Public Service Comm.*, 75 W. Va. 32, 83 S. E. 88, y muchos otros casos que sostienen la doctrina ya expresada;"

Por tanto, por las razones expuestas, no ha lugar a la petición en este caso.