## Clarence D. Farnham, Jr. *v.* Charles Labutis et al.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued January 5—decided April 5, 1960

*Edward S. Pomeranz* and *Donald P. Chernoff*, for the appellants (defendants).

*Marshall S. Feingold*, with whom, on the brief, were *Charles Alfano* and *William J. Bumster, Jr.*, for the appellee (plaintiff).

SHEA, J.   The Superior Court dismissed the defendants' appeal from a finding and award of the workmen's compensation commissioner in favor of the plaintiff, and the defendants have appealed to this court.   The question presented is whether the plaintiff's injury arose out of and in the course of his employment.

The finding, as corrected by the Superior Court and with such further corrections as are warranted, may be summarized as follows:   For some time prior to February 21, 1958, the date of the plaintiff's injuries, his employer, the named defendant, had been accustomed to repair equipment at a gasoline service station in Scitico.   Kertanis Brothers also repaired equipment at the station.   The employees of these two employers became friendly, exchanged labor and tools on their jobs when it was necessary, and mutually assisted one another in work about the station.   The plaintiff owned a paint spraying machine which had never been used. He brought the machine to the service station to paint one of his employer's trucks.   When the owner of the station objected, it was decided to paint the truck by hand.   The plaintiff, however, left his paint sprayer at the station.   Later, on February 20, 1958, Kertanis Brothers were about to paint one of their trucks and received permission from the plaintiff's brother to use the plaintiff's sprayer.   After working hours, the plaintiff went to

the station to look over the paint job which was being done. He tried his spraying machine, using a one-quart can of paint, and was not satisfied. He then suggested using a three-gallon can hooked up with compressed air. Nothing was done at that time to connect up the equipment. On the following day, the plaintiff, working for his employer outside the service station, was sent inside to get a tool. He knew that the work of his employer would remain at a standstill until the tool was procured. When the plaintiff entered the station, he came upon the paint spraying equipment and observed that the three-gallon can was not being used. He looked over the can and started to make some adjustment on the pressure gauge at the top. He plugged in the compressed air hose. The pressure was too great for the can and it blew up in his face, causing him serious injuries. His employer did not know that the plaintiff was trying to assist the Kertanis men in their use of his personal equipment in painting their truck. The commissioner concluded that the plaintiff's injury arose out of and in the course of his employment.

An injury arises in the course of the employment when it takes place (a) within the period of the employment, (b) at a place where the employee may reasonably be, and (c) while he is reasonably fulfilling the duties of the employment or doing something incidental to it. An injury is said to arise out of the employment when it (a) occurs in the course of the employment and (b) is the result of a risk involved in the employment or incident to it or to the conditions under which it is required to be performed. *Ryerson* v. *A. E. Bounty Co.,* 107 Conn. 370, 372, 373, 140 A. 728; *Iliff* v. *Norwalk Tire & Rubber Co.,* 127 Conn. 248, 249, 16 A.2d 481.

An injury which occurs in the course of the employment will ordinarily arise out of the employment, but not necessarily so; the injury may arise out of an act or omission for the exclusive benefit of the employee or someone other than the employer while the employee is engaged in the course of his employment. If the injured party was engaged in doing an act which had no direct or incidental relation to his employment, the injury resulting from it is not compensable. *Vitas* v. *Grace Hospital Society,* 107 Conn. 512, 516, 141 A. 649. In ascertaining the scope of the employment, we consider what duties were required of the employee and the conditions surrounding the performance of his work, together with whatever else he actually did with the knowledge and assent of the employer. Even though the activity of an employee is outside the obligations of his employment, an injury connected with the activity is compensable if the activity was permitted by the employer for the mutual benefit and convenience of both the employee and the employer. *Mann* v. *Glastonbury Knitting Co.,* 90 Conn. 116, 120, 96 A. 368. Whatever has been customarily done in the execution of a contract of employment by the parties to it may be regarded as having been adopted by them as one of its terms. *Saba* v. *Pioneer Contracting Co.,* 103 Conn. 559, 563, 131 A. 394; *Merlino* v. *Connecticut Quarries Co.,* 93 Conn. 57, 59, 104 A. 396; *Mann* v. *Glastonbury Knitting Co.,* supra, 122. Knowledge of, and acquiescence in, a continuing practice may make it an incident of the employment, particularly where it is beneficial to the employer in furtherance of the employment. *Taylor* v. *M. A. Gammino Construction Co.,* 127 Conn. 528, 531, 18 A.2d 400; *McCormick* v. *Southern New England Ice Co.,* 118 Conn. 295, 298, 171 A.

838; *Stakonis* v. *United Advertising Corporation,* 110 Conn. 384, 388, 148 A. 334; *Guiliano* v. *Daniel O'Connell's Sons,* 105 Conn. 695, 702, 136 A. 677.

To reach the conclusion he did, the commissioner must have found that the act which the plaintiff was performing at the time of his injuries was incidental to the employment. This conclusion does not find support in the subordinate facts, for it does not appear that the cause of injury was a risk annexed as an incident to the employment by the conduct of the parties. The employer must have shown his acquiescence by permitting such a course of activity without objection after apparent full knowledge of it. *Katz* v. *Katz,* 137 Conn. 134, 138, 75 A.2d 57; *Puffin* v. *General Electric Co.,* 132 Conn. 279, 282, 43 A.2d 746; *Drouin* v. *Chelsea Silk Co.,* 122 Conn. 129, 134, 187 A. 904. While it appears that the employees of the named defendant and Kertanis Brothers had rendered mutual assistance to each other in work about the service station, the character and extent of their acts of assistance, however great or small they may have been, have not been shown, and there is nothing to indicate that the plaintiff's employer had any knowledge of them; nor is there anything to indicate how long the practice had been followed or that it was so frequent as to have charged him with knowledge of it. The finding is silent as to whether the assistance, when rendered, was of mutual benefit or advantage to the employer and the employee or whether it became incidental to the employment or a term or a condition attached to it by the express or implied consent of the employer. From the facts in the finding, it is impossible to draw inferences on these points as a matter of law. *Vitas* v. *Grace Hospital Society,* 107 Conn. 512, 517, 141 A. 649.

It follows that the conclusions reached by the commissioner are not supported by the subordinate facts which now appear in the finding and award. Facts sufficient for the rendition of a proper judgment have not been found. This omission may be the result of mistake or oversight on the part of the commissioner. Or it may be the result of a lack of testimony which can be remedied if the plaintiff is granted a further hearing. Under the circumstances, the case should be returned to the commissioner for further proceedings. *Glodenis* v. *American Brass Co.*, 118 Conn. 29, 36, 170 A. 146; *Callahan* v. *William Schollhorn Co.*, 106 Conn. 211, 215, 137 A. 642; *Cormican* v. *McMahon*, 102 Conn. 234, 238, 128 A. 709.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to sustain the appeal and return the case to the commissioner for further action in accordance with this opinion.

In this opinion the other judges concurred.