[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#131)
Defendant's Motion for Summary Judgment raises two issues, the resolution of either in its favor would be dispositive of this motion. The first issue is whether the Workers' Compensation Act provides the plaintiff with an exclusive remedy for relief, and second, whether the plaintiff is incapable of proving the prima facie elements of false imprisonment.
On May 7, 1991, the minor plaintiff, Joseph Audie, filed this action for false imprisonment by his mother and next friend, Elena Audie.
In a single count, the plaintiff alleges that he was employed CT Page 10465 as a cashier-clerk by the defendant, Walgreen Company, in Orange, Connecticut. He further alleges that on July 28, 1988, while at work, he was compelled to enter a room and was interrogated by the defendant's security guard, a fellow employee. Plaintiff alleges he was accused of theft and threatened with prosecution. He also alleges that he was forced to remain in the room, against his will, until he signed some papers.
Plaintiff further alleges that the security guard's actions were "willful and/or malicious." He claims actual and punitive damages.
On May 7, 1991, the defendant filed an answer and two special defenses. The defendant claims in its first special-defense that it was entitled to detain the plaintiff pursuant to General Statutes 53a-119a, because he was suspected of larceny. In its second special defense, the defendant claims that the Workers' Compensation Act, 31-275, et seq., is the plaintiff's exclusive remedy.
On August 8, 1991, the plaintiff filed a reply denying the allegations in the special defenses. The pleadings are now closed, a required by Practice Book 379.
On September 16, 1991, the defendant filed this Motion for Summary Judgment on the grounds that the Workers' Compensation Act is the plaintiff's exclusive remedy, and no prima facie case can be made for false imprisonment.
The defendant has filed a memorandum of law in support of his motion. It has not, however, filed any supporting documentation. The plaintiff has filed a memorandum of law and an affidavit in opposition to the motion.
The purpose of summary judgment is to "dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full dress trial." Town Bank Trust Co. v. Benson, 176 Conn. 304, 307, 407 A.2d 971
(1978). The "pleadings, affidavits and any other proof submitted [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Strada v. Connecticut Newspapers, 193 Conn. 313, 316-17,477 A.2d 1005 (1984). The facts presented must be viewed in the light most favorable to the nonmovant. Rawlings v. New Haven, 206 Conn. 100,104, 537 A.2d 439 (1988). "A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Perille v. Raybestos Manhattan-Europe, Inc., 196 Conn. 529, 543, 494 A.2d 555 (1985). CT Page 10466
In Barone v. Schuster Express, Inc., et al., 2 CSCR 315
(February 4, 1987, Schaller, J.), the court held: "Where . . . summary judgment is sought upon the pleadings alone, extraneous documentation becomes unnecessary and inappropriate." Id., 315. See also Pepe v. New Britain, 203 Conn. 281, 288, 584 A.2d 629
(1987).
The defendant relies on its special defenses in arguing for summary judgment. The court can resolve defendant's motion on the pleadings and the plaintiffs affidavit, and enter a final determination without supporting documentation.
General Statutes 31-284 provides, in part:
 An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained. . . . All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter.
Whether or not an injury arises out of and in the course of employment may be determined as follows:
 An injury arises in the course of the employment when it takes place (a) within the period of the employment, (b) at a place where the employee may reasonably be, and (c) while he is reasonably fulfilling the duties of the employment or doing something incidental to it. An injury is said to arise out of the employment when it (a) occurs in the course of the employment and (b) is the result of a risk involved in the employment or incident to it or to the conditions under which it is required to be performed.
Farnham v. Labutis, 147 Conn. 267, 269, 160 A.2d 120 (19 (citations omitted).
In Perille, supra, the supreme court has stated the two exceptions to 31-284 in situations where an employee is injured by another employee:
 We recognized in Jett that "[u]nless the defendant employer intentionally directed or authorized [the coworker] to strike the plaintiff, the employer has a right to view the incident as an injury arising out of CT Page 10467 and in the course of employment, another `industrial mishap in the factory, of the sort he has a right to consider exclusively covered by he compensation system.' 2A Larson, Workmen's Compensation (1976) 68.21, p. 13 11." Id., 218. We concluded, accordingly, that "[i]f the assailant can be identified as the alter ego of the corporation, or the corporation has directed or authorized the assault, then the corporation may be liable in common-law tort; if the assailant is only another employee who cannot be so identified, then the strict liability remedies provided by the [Workers'] Compensation Act are exclusive and cannot be supplemented with common-law damages." Id., 219.
Id., 532-33.
The plaintiff has not alleged sufficient facts in his complaint to demonstrate that the security guard was the alter ego of the defendant company, nor does he allege that the company directed or authorized the guard's actions. The plaintiff's affidavit makes no statement as to either of the two exceptions to31-284.
Although the defendant in his action is the plaintiff's former employer, all of the plaintiff's allegations address the conduct of a fellow employee. Such allegations fall within rather than outside the scope of the Worker's Compensation Act. Therefore, the plaintiff's common-law action for false imprisonment against the defendant employer is barred by the exclusivity provision of the Workers' Compensation Act. Accordingly, the defendant's Motion for Summary Judgment is granted.
Inasmuch as the Workers' Compensation Act exclusivity provision is dispositive of this motion, no other issues need to be addressed.
The Court
MAIOCCO, J.